### TORQUAY CORPORATION v. RADIO CORPORATION OF AMERICA et al.

District Court, S. D. New York.
Dec. 14, 1932.

842

Nathan Burkan, of New York City, for plaintiff.

Cravath, De Gersdorff, Swaine & Wood, of New York City (Robert T. Swaine and Wm. D. Whitney, both of New York City, of counsel), for defendant Westinghouse Electric & Mfg. Co.

Cotton, Franklin, Wright & Gordon, of New York City (Thurlow M. Gordon, Paxton Blair, and E. Allen MacDuffie, all of New York City, of counsel), for defendant General Electric Co.

Fish, Richardson & Neave, of New York City (Charles Neave, of New York City, of counsel), for defendant Radio Corporation of America.

KNOX, District Judge.

Three motions are here before the court: (1) Defendant corporations ask leave to amend their petition for removal, filed December 1, 1932; (2) plaintiff prays remand of the suit to the state court; (3) plaintiff seeks to enjoin defendants General Electric Company and Westinghouse Electric Manufacturing Company from distributing several million shares of stock of Radio Corporation of America, now held by them, to their stockholders or to any one else except the Radio Corporation. In connection with such relief, plaintiff wishes the appointment of a receiver of these shares of stock.

1. Defendants' motion to amend their removal petition will be granted. This court has power to permit such amendment. Kinney v. Columbia Savings & Loan Association, 191 U. S. 78, 24 S. Ct. 30, 48 L. Ed. 103; Hall v. Payne (D. C.) 274 F. 237; Matarazzo v. Hustis (D. C.) 256 F. 882; Woolridge v. McKenna (C. C.) 8 F. 650. The fact that defendants have so promptly docketed the record in this court, and that they have accepted plaintiff's motion to remand on only two days' notice, warrants the exercise of a liberal discretion in allowing them to amend.

2. Plaintiff's motion to remand to the state court will be denied.

Complainant, a stockholder of Radio Corporation, alleges itself to be a citizen of Delaware, within which state the Radio Corporation, also, was incorporated. General Electric is a resident of New York, and Westinghouse is a resident of Pennsylvania. The bill of complaint, inter alia, alleges:

General Electric and Westinghouse were large stockholders of Radio Corporation, having representation on its board of directors, and largely controlling its policies and actions. General Electric and Radio Corporation entered into an unlawful combination and conspiracy in restraint of interstate commerce, and in violation of the Sherman Anti-Trust Act (15 USCA § 1 et seq.), and Clayton Act (15 USCA § 12 et seq.). Westinghouse became a coconspirator in 1921.

About January 1, 1930, a group of contracts was entered into between these corporations, which constituted an unlawful conspiracy in restraint of trade, and which had the effect of giving Radio Corporation a monopoly in the manufacture and sale of radio devices in the United States. Since January 1, 1930, however, Radio Corporation has operated at a loss, and the market value of its common stock has dropped from $40 to approximately $5 a share.

In May of 1930, the United States instituted suit in the District Court of the United States for the District of Delaware, against General Electric, Westinghouse, and Radio, charging that the various contracts and agreements between the parties, and the transfer of blocks of Radio stock in exchange for which Radio had received exclusive rights in patents, plants, and equipment of General Electric and Radio, constituted a combination in restraint of trade, and a conspiracy to create a monopoly in violation of the Sherman Anti-Trust Act and Clayton Act. Upon a stipulation of the parties to the suit of the United States, a consent decree was entered on November 21, 1932, requiring General Electric and Westinghouse to divest themselves of their holdings of Radio stock in certain ways and within specified times. The decree also enjoined the continued existence of various license agreements, and stated in detail various acts that should or should not be done. The court making the decree retained jurisdiction for the purpose of enforcing or modifying its decree, with leave to any of the defendants after three years to apply to the court for permission to acquire stock in any other of the defendant corporations, or their subsidiaries.

The complaint before this court proceeds to allege that, as a result of the decree in the Delaware suit, the Radio Corporation lost rights that it had theretofore obtained, without securing a provision for the return of its own stock by the General Electric and Westinghouse companies. The result alleged is that Radio was deprived of fair and adequate consideration for the stock with which it had parted, and that General Electric and Westinghouse were unjustly enriched. Furthermore, it is charged that General Electric and Westinghouse and Radio deceived the District Court in Delaware as to the true facts and circumstances by failing to make a sufficient disclosure thereof with consequential injury to the Radio Company.

The complaint then sets forth that General Electric and Westinghouse are threatening to dispose of all their holdings of Radio stock by ratably distributing the same as a bonus to their own stockholders; that plaintiff demanded of Radio that it insist that General Electric and Westinghouse return its stock, but that there has been no compliance with such demand; that the stock in question is physically located within the state of New York; and that plaintiff has no adequate remedy at law. The relief asked by the complaint is that General Electric and Westinghouse be enjoined pendente lite, and permanently, from distributing the stock; that they be required to retransfer the stock to the Radio Corporation; that a receiver be appointed to take possession of the stock; that it be declared to be the absolute property of the Radio Corporation; that a trust be impressed upon it for the benefit of the Radio Corporation; and that the individual defendants, the directors of General Electric, Westinghouse, and Radio, be compelled to account to Radio for all of their wrongful acts.

From the foregoing it will readily be seen that the relief here sought, if granted, would constitute an interference with the operation of the decree of the United States District Court of Delaware. The effect of the requested relief would be nothing else than a modification of the terms of that decree in so far as it relates to the disposition of the Radio stock held by General Electric and Westinghouse.

The Supreme Court of the United States has held the action of a state court, in enjoining a defendant from doing acts pursuant to the valid decree of a federal court, to be error. Central National Bank v. Stevens, 169 U. S. 432, 18 S. Ct. 403, 42 L. Ed. 807. It has also been held that a suit in a state court, attacking the title to property acquired under a decree of a federal court on the ground that such decree was void, involves a federal question and is, therefore, removable. South Dakota Central Railway Co. v. Continental & Commercial Trust & Savings Bank et al., 255 F. 941 (C. C. A. 8th). And in Cornue v. Ingersoll (C. C.) 174 F. 666, decision was made that a suit in equity in a state court the effect of which, as disclosed on the face of the bill, was to delay, obstruct, and perhaps defeat, the enforcement of the judgment of a federal court was removable, as involving a federal question.

In addition, it should be remembered that the decree of the federal court in Delaware was a consent decree. Such a decree is not only a decree of court. It is also a contract between the parties to a suit in which it was entered. Garrett & Co., Inc., v. Sweet Valley Wine Company (D. C.) 251 F. 371.

See Kelley v. Milan, 127 U. S. 139, 8 S. Ct. 1101, 32 L. Ed. 77; Freeman on Judgments (5th Ed.) § 1350; 21 C. J. 815.

A suit to rescind a contract requires that all the parties to it be made parties to the suit. Shields v. Barrow, 17 How. 130, 15 L. Ed. 158; United States v. Northern Pacific R. R. Co. (C. C. A.) 134 F. 715. Similarly, all the parties to a consent decree should be made parties to a suit assailing it. See Freeman on Judgments, supra, § 1352; 21 C. J. 817. Inasmuch as the United States was a party to the consent decree which was entered by the federal court in Delaware, it would seem to be not only a necessary but an indispensable party to the present suit, which would affect its rights under the decree. As all of us know, a suit against the United States raises a federal question. For this reason, also, the present suit is removable to this court. As previously stated, plaintiff's motion to remand to the state court will be denied.

[9] 3. Plaintiff's motion for an injunction pendente lite will also be denied.

Assuming for the moment that this court has jurisdiction of the present suit, it is clear, as a matter of comity and of the orderly administration of justice, that this court should refuse to exercise its jurisdiction to interfere with the operation of a decree of another federal court. Especially is this so where it is clear that the United States District Court in Delaware would have jurisdiction of such a suit as is now before this court. A bill to modify or restrain the enforcement of a decree of a federal court may undoubtedly be brought in the court which entered such decree. Pacific Railroad of Missouri v. Missouri Pacific Railway, 111 U. S. 505, 4 S. Ct. 583, 28 L. Ed. 498. See Johnson v. Christian, 125 U. S. 642, 8 S. Ct. 1135, 31 L. Ed. 820; Sherman National Bank v. Shubert Theatrical Company (C. C. A.) 247 F. 256. See, also, Foster Federal Practice (6th Edition) §§ 51, 132. Furthermore, the consent decree stated that "jurisdiction is hereby expressly reserved for the purpose of enforcing or modifying this decree on application of any of the parties hereto." While the present plaintiff was not a party to the Delaware suit, complainant is suing as a stockholder on behalf of itself and other stockholders of the Radio Corporation. That company was a party to the decree, and complainant's rights, if any, would seem to be more properly justiciable in the court that made the decree, out of which complainant's grievance arises, than here.

Finally, the present bill should be dismissed. As stated before, the United States is a necessary party to this suit. Since the United States cannot be sued in the state court, that tribunal was without jurisdiction of the suit. If the state court had no jurisdiction, this court acquired none upon its removal here. Lambert Run Coal Company v. Baltimore & Ohio Railroad Company, 258 U. S. 377, 42 S. Ct. 349, 66 L. Ed. 671. See General Investment Company v. Lake Shore & M. S. Railway Co., 260 U. S. 261, at page 288, 43 S. Ct. 106, 67 L. Ed. 244. Where it appears to a District Court of the United States that it has no jurisdiction of a suit, it may dismiss it of its own motion. 28 US CA § 80.

Plaintiff's motion for an injunction pendente lite is denied, and the bill is dismissed, without prejudice.