### HARTFORD–EMPIRE CO. v. HAZEL–ATLAS GLASS CO.

### SAME v. SHAWKEE MFG. CO. et al.

### No. 4414, 5203.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 5, 1941.

Decided Dec. 29, 1941.

tion of whether the mandates of this court should be recalled and the cases reopened. Accordingly the prayers of the petitions as framed are denied but leave is granted to the petitioners to amend the prayers and to petition this court to set aside the judgments heretofore entered in this court, on the ground of fraud. The plaintiff-appellant will then reply to the petitions for review as amended and the questions involved will be heard and determined by this court.

Wm. B. Jaspert, of Pittsburgh, Pa., for Shawkee Mfg. Co. et al.

Thomas G. Haight, of Jersey City, N. J., and Edgar J. Goodrich, of Washington, D. C. (Robson D. Brown, of Hartford, Conn., on the brief), for Hartford-Empire Co.

Stephen H. Philbin, of New York City (Maxwell Barus, of New York City, on the brief), for Hazel-Atlas.

Before BIGGS, MARIS, CLARK, and JONES, Circuit Judges.

PER CURIAM.

Petitions supported by affidavits and seeking leave to file bills of review in the United States District Court for the Western District of Pennsylvania have been filed in this court in the above cases. The gist of these petitions is the charge that a fraud was imposed upon this court which resulted in No. 4414 in an incorrect decision reversing the decree of the District Court. See 59 F.2d 399. The incorrect decision (if it was such) in No. 4414 caused a like incorrect result in No. 5203. See 68 F.2d 726. The proposed bills of review seek reversal of the two decisions of this court referred to.

In view of the fact that it is alleged that fraud was practiced upon this court rather than upon the court below, this court will adopt the practice followed by the Circuit Court of Appeals for the Second Circuit in the companion cases of Art Metal Works, Inc., v. Abraham & Straus, Inc., 107 F.2d 940 and 944, certiorari denied 308 U.S. 621, 60 S.Ct. 293, 84 L.Ed. 518, and itself pass upon the ques-