Albert **LAPIN** and Lapinal, Inc.,
Appellants,

v.

**SHULTON, INC.**, and Tecnique, Inc.,
Appellees.

No. 18775.

United States Court of Appeals
Ninth Circuit.

May 27, 1964.

Certiorari Denied Nov. 9, 1964.
See 85 S.Ct. 193.

Stapleton, Weinberg & Isen, F. G. Stapleton, Los Angeles, Cal., for appellants.

Leonard, Street & Deinard, Melvin H. Siegel, Minneapolis, Minn., for appellees.

Before JERTBERG, MERRILL and BROWNING, Circuit Judges.

MERRILL, Circuit Judge.

This appeal is taken from judgment entered on motion of appellees, dismissing the action for lack of jurisdiction.

Appellant brought suit in Los Angeles in the District Court for the Southern District of California, Central Division,

under Rule 60(b) F.R.Civ.P.[1] to dissolve an injunction issued July 5, 1951 by the United States District Court of Minnesota upon the ground that changed circumstances had rendered inequitable the prospective application of the decree.[2] The injunction so issued ran in favor of LaMaur, Inc., which since has transferred its rights thereunder to appellee Tecnique, Inc., a wholly owned subsidiary of appellee Shulton, Inc.

Tecnique, appearing specially, and Shulton moved to dismiss the action upon two grounds: (1) that although Shulton had been properly served with process, Tecnique had not been properly served and was an indispensable party; (2) that in any event jurisdiction to dissolve the injunction lay exclusively with the Minnesota District Court.

The order of the district court below, granting dismissal, was based upon the first ground. The court, although not deciding the question, also expressed an opinion that on the second ground as well it was without jurisdiction.

■ We do not reach the issues presented by the first ground. We decide only that the present proceedings to secure dissolution of an injunction on the grounds here asserted should have been brought in the issuing court, the District Court of Minnesota, and that the trial court was thus correct in refusing to entertain the action.

■ It is clear that the issuing court has continuing jurisdiction to modify or revoke an injunction as changed circumstances may dictate.

In United States v. Swift & Company (1932) 286 U.S. 106, 114–115, 52 S.Ct. 460, 462, 76 L.Ed. 999 the court stated:

"We are not doubtful of the power of a court of equity to modify an injunction in adaptation to changed conditions, though it was entered by consent. * * * Power to modify the decree was reserved by its very terms, and so from the beginning went hand in hand with its restraints. If the reservation had been omitted, power there still would be by force of principles inherent in the jurisdiction of the chancery. A continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need. * * [A] court does not abdicate its power to revoke or modify its mandate, if satisfied that what it has been doing has been turned through changing circumstances into an instrument of wrong."

In System Federation No. 91, Railway Employes' Dep't v. Wright (1961) 364 U.S. 642, 647, 81 S.Ct. 368, 371, 5 L.Ed. 2d 349, the court said:

"There is * * * no dispute but that a sound judicial discretion may call for the modification of the terms of an injunctive decree if the circumstances, whether of law or fact, obtaining at the time of its issuance have changed, or new ones have since arisen. The source of the power to modify is of course the fact that an injunction often requires continuing supervision by the issuing court and always a continuing willingness to apply its powers and processes on behalf of the party who obtained that equitable relief."

As to the authority of courts other than the one rendering judgment or decree, Rule 60(b) provides:

"This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to

---

1. In pertinent part this rule provides:
"On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order, or proceeding for the following reasons: * * * (5) * * * it is no longer equitable that the judgment should have prospective application * * *."

2. The complaint asserts:
"The changed conditions arising since the issuance of the injunction in 1951 have made the prospective application of the injunction inequitable and oppressive to plaintiffs and of no legitimate benefit to defendants." The complaint prays judgment dissolving the injunction.

grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

■ As we construe this provision, it preserves to courts the powers which theretofore they had been free to exercise under the specified writs or otherwise, but does not purport to grant new power and authority not theretofore recognized. See Notes of Advisory Committee to Rule 60(b); 3 Barron & Holtzoff, Federal Practice and Procedure (1958), § 1331; 7 Moore, Federal Practice (1955), ¶¶ 60.36–60.37. Under the pre-existing powers thus preserved to the courts we find no authority to entertain an original action such as the one before us.

■ The writ of audita querela provides relief from a judgment at law because of events occurring subsequently which should cause discharge of a judgment debtor. See 3 Barron & Holtzoff, supra, § 1331 at page 429. While, formally, this is an independent action, the rule appears to be that the writ may be brought only in the court which rendered the judgment. Eureka Casualty Company v. Municipal Court of Los Angeles (1934) 136 Cal.App. 195, 28 P.2d 708; see Moore & Rogers, Federal Relief from Civil Judgments (1946) 55 Yale Law Journal 623, 661.

■ The equitable counterpart of audita querela by which relief from equitable decrees may be secured is the bill of review. One recognized ground for such relief is that changed circumstances render enforcement inequitable. See Moore & Rogers, supra, at pages 675–681; 10 Nichols Cyclopedia of Federal Practice (3d Ed. 1952) § 37.26, at page 335.

Nichols, supra, states that bills of review in general "were filed in the court in which the decree was rendered." Courts also have recognized that a bill of review, although not actually a part of the original suit, is deemed to be a continuation of that action and ancillary to it. Pacific Railroad of Missouri v. Missouri Pacific Railroad Company (1884) 11 U.S. 505, 522, 4 S.Ct. 583, 28 L.Ed. 498; Zegura v. U. S. (5 Cir. 1939) 104 F.2d 34, 35, cert. denied (1939) 308 U.S. 586, 60 S.Ct. 109, 84 L.Ed. 490; see also Hartford-Empire Company v. Hazel-Atlas Glass Company (3 Cir. 1941) 125 F.2d 976.

In Deposit Bank v. Frankfort (1903) 191 U.S. 499, 24 S.Ct. 154, 48 L.Ed. 276, it was held that relief from an injunction clearly warranted by a change in governing law must be secured from the issuing court. There the Federal Circuit Court for the District of Kentucky had perpetually enjoined the city from collecting a certain tax from the bank. It had based its judgment and decree squarely upon the decision of a lower state court to the effect that a previous state law which had exempted the bank from such a tax constituted a binding contract between the state and the bank, with the result that even after its repeal the bank was exempt from the tax. The injunctive decree was affirmed by the United States Supreme Court. The Court of Appeals of Kentucky then reversed the lower state court's decision on which the injunction-issuing Federal court had relied, holding that the previous law was not a contract and that the bank was no longer exempt from the tax. After a remand, and on subsequent appeal, the Kentucky Court of Appeals held that because of the now-settled erroneousness of the decision on which the Federal Circuit Court relied, its decree was not a binding estoppel on the parties in a state court action by the city to collect the tax. On appeal from this decision the United States Supreme Court reversed, stating 191 U.S. at page 512, 24 S.Ct. at page 158:

"It is to be remembered that we are not dealing with the right of the parties to get relief from the orig-

inal judgment by bill of review or other process in the Federal court in which it was rendered. . There the court may reconsider and set aside or modify its judgment upon seasonable application. In every other forum the reasons for passing the decree are wholly immaterial and the subsequent reversal of the judgment upon which it is predicated can have no other effect than to authorize the party aggrieved to move in some proper proceeding, in the court of its rendition, to modify it or set it aside. It cannot be attacked collaterally, and in every other court must be given full force and effect, irrespective of the reasons upon which it is based."

In our judgment sound reasons of policy support the proposition that relief should be sought from the issuing court.

It is true that if a court other than the issuing court were to grant relief such relief could technically operate only upon the parties and not on the decree itself. See 7 Moore, supra, ¶ 60.36, at pages 603–604. Nevertheless, for a nonissuing court to entertain an action for such relief would be seriously to interfere with, and substantially to usurp, the inherent power of the issuing court (as discussed in Deposit Bank v. Frankfort and System Federation v. Wright, supra), to supervise its continuing decree by determining from time to time whether and how the decree should be supplemented, modified or discontinued in order properly to adapt it to new or changing circumstances.

▮ We need not go so far as to hold that these considerations and this interpretation of Rule 60(b) deprive all courts other than the issuing court of jurisdiction in such a case as this. We do hold that considerations of comity and orderly administration of justice demand that the nonrendering court should decline jurisdiction of such an action and remand the parties for their relief to the rendering court, so long as it is apparent that a remedy is available there.

In this respect we approve the decision and language of the District Court for the Southern District of New York in Torquay Corporation v. Radio Corporation of America (S.D.N.Y.1932) 2 F. Supp. 841.

There the United States, in the Federal District Court of Delaware, had obtained a consent decree requiring General Electric and Westinghouse to divest their stock in R.C.A. in certain ways and within specified times, enjoining continued existence of various license agreements, specifying in detail various acts which might and might not be done and retaining jurisdiction for the purpose of enforcing or modifying the decree. The plaintiff corporation brought an action in the Southern District of New York as an R.C.A. stockholder, complaining that General Electric, Westinghouse and R.C.A. had deceived the District Court of Delaware as a result of which R.C.A. was losing rights and was being deprived of fair and adequate consideration for the stock with which it had parted, to the unjust enrichment of General Electric and Westinghouse. The prayer for relief was that General Electric and Westinghouse be required to retransfer to R.C.A. their stock in that company; that a receiver be appointed to take possession of the stock and that it be declared the absolute property of R.C.A.

The District Court declined relief, stating, 2 F.Supp. at page 844:

"Assuming for the moment that this court has jurisdiction of the present suit, it is clear, as a matter of comity and of the orderly administration of justice, that this court should refuse to exercise its jurisdiction to interfere with the operation of a decree of another federal court. Especially is this so where it is clear that the United States District Court in Delaware would have jurisdiction of such a suit as is now before this court. A bill to modify or restrain the enforcement of a decree of a federal court may undoubtedly be brought in the court which entered such decree. * * * [C]omplainant's rights, if any, would seem to be

more properly justiciable in the court that made the decree, out of which complainant's grievance arises, than here."

Affirmed.