**Anne P. TREADAWAY, a married woman dealing with her sole and separate property, Plaintiff-Appellant,**

v.

**ACADEMY OF MOTION PICTURE ARTS AND SCIENCES, a California non-profit and mutual benefit corporation, Defendant-Appellee.**

No. 85–1688.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 2, 1985.

Decided March 4, 1986.

Howard M. Snyder, Snyder & Robens, P.C., Paul G. Ulrich, Phoenix, Ariz., for plaintiff-appellant.

Steven A. Hirsch, Newman R. Porter, Evans, Kitchell & Jenckes, Phoenix, Ariz., for defendant-appellee.

Before BROWNING, SNEED, and HUG, Circuit Judges.

SNEED, Circuit Judge:

Treadaway appeals from a dismissal of her suit in the district court for the District of Arizona in which she sought to set aside a district court order, entered in 1936 in what is now the Central District of California, confirming a sale by a bankruptcy trustee. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Anne Treadaway, the plaintiff-appellant in this case, seeks to litigate title to various films, photographs, scripts, and other properties that were created by the Hollywood filmmaker Mack Sennett and are now in the possession of the Academy of Motion Picture Arts and Sciences (the Academy). Both parties trace their claims of ownership to liquidation sales arising out of the bankruptcy of Sennett's corporation, Mack Sennett, Inc. Treadaway derives her title from a 1934 sale by Walter Durst, the trustee in bankruptcy, to her remote predecessor-in-interest, C.J. McGuire. The Academy, which acquired possession of the subject properties via a 1951 donation from Sennett, ultimately derives its title from a 1936 sale from Durst to Sennett. The bankruptcy proceeding was conducted in the United States District Court for the Southern District of California, Central Division (now, the Central District of California). The referee in bankruptcy approved both sales.

The district court order confirming the 1934 sale lists the property conveyed as

Negative and positive film, prints, sound track and stock film library. (As covered by Invoice No. 70)

Appellee's Supplemental Excerpt of Record (S.E.R.) at 15. A 1935 report from the trustee to the district court states that "it was the understanding at the time of the sale that [McGuire] acquired, not only the actual film in the library, but all film which might later be returned from the distributors." S.E.R. at 17.

The 1936 conveyance to Sennett involved the following:

"All rights of every kind, character and description in and to all motion pictures stories and photoplays based thereon together with the titles thereof including negative and positive stills and all other documents and papers relating to said stories, photoplays and titles owned by Mack Sennett, Inc., Bankrupt as of this date together with registered copyrights, if any, in connection therewith and all rights of use thereof." See Exhibit "H" attached hereto and incorporated herein by this reference.

Amended Complaint ¶ 16, *reprinted in* Excerpt of Record (E.R.) at 7a. Treadaway apparently claims that some or all of these items were rightfully part of the 1934 conveyance to McGuire. She further asserts that Durst, acting as trustee and an officer of the bankruptcy court, conspired with Sennett to segregate and conceal these assets, thereby deceiving the referee in bankruptcy and defrauding McGuire.

Pursuant to Fed.R.Civ.P. 60(b), Treadaway brought this independent action in the United States Court for the District of Arizona seeking to set aside the 1936 order confirming the sale to Sennett.[1] Treadaway's amended complaint prayed for a declaration that the 1936 sale was null and void because secured by fraud, that she was the rightful owner of the Mack Sennett collection possessed by the Academy, and that the Academy was obliged to account for and disgorge any economic benefits stemming from its possession of the collection. Treadaway also advanced claims for replevin and conversion.

The Academy moved to dismiss the suit for lack of subject matter jurisdiction, lack of personal jurisdiction over the Academy, and improper venue. The district court granted the motion on all bases, and added that, even if it possessed subject matter jurisdiction, considerations of comity coun-seled deference to the jurisdiction of the federal court in California that had entered the order from which plaintiff sought relief. Treadaway timely filed this appeal.

## II.

### DISCUSSION

#### A. *The Dismissal*

Any one of the grounds relied on by the district court, if proper, would support its action. Therefore we should affirm unless each ground is invalid. Because it is clear that considerations of comity provided ample justification for the dismissal, we affirm.

Treadaway's assertion of diversity jurisdiction under 28 U.S.C. § 1332 and the inability of Rule 60(b) "to extend or limit the jurisdiction of the United States district courts," Fed.R.Civ.P. 82, is not controlling. The "saving clause" of Fed.R.Civ.P. 60(b), while neither extending nor limiting jurisdiction, does allow the "continuation of whatever power the court would have had to entertain an independent action if the rule had not been adopted." 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2868, at 237 (1973); *see Simons v. United States*, 452 F.2d 1110, 1116 (2d Cir.1971). This power is one that is rooted in tradition and governed by general equitable principles, *see* 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.37[1], at 60–371 (rev. ed. 1985). Historically, it has been exercised " 'only under unusual and exceptional circumstances.' " *Crosby v. Mills*, 413 F.2d 1273, 1276 (10th Cir.1969) (quoting 3 Barron & Holtzoff, *Federal Practice and Procedure* § 1331, at 433 (C. Wright ed. 1958); *see Greater Boston Television Corp. v. FCC*, 463 F.2d 268, 279 (D.C.Cir.1971), *cert. denied*, 403 U.S. 923, 91 S.Ct. 2233, 29 L.Ed. 701 (1972). This circuit has recognized explicitly these principles.

---

1. Rule 60(b) provides in pertinent part:
   This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, ... or to set aside a judgment for fraud upon the court.
   Fed.R.Civ.P. 60(b).

In *Lapin v. Shulton*, 333 F.2d 169 (9th Cir.), *cert. denied*, 379 U.S. 904, 85 S.Ct. 193, 13 L.Ed.2d 177 (1964), we affirmed a judgment of the District Court for the Southern District of California, Central Division, dismissing an independent action brought to dissolve an injunction issued by the United States District Court of Minnesota. Although the *Lapin* court did not go so far as to decide that the nonrendering district court could never exercise jurisdiction over such a case, *see id.* at 172, it held that "considerations of comity and orderly administration of justice demand that the nonrendering court should decline jurisdiction of such an action and remand the parties for their relief to the rendering court, so long as it is apparent that a remedy is available there," *id.* The *Lapin* court recognized in effect that, just as the district court's equitable discretion empowered it to deny the relief requested even if the substantive conditions for relief were met, the court could likewise refuse entirely to entertain the action if relief in a more appropriate forum—the rendering court[2]—were available.

Treadaway contends that *Lapin* is inapposite here because her claims for relief cannot be characterized as "ones pursuant to Rule 60(b) ... seeking relief 'from a fraudulently-obtained judgment of another court.'" Even a cursory reading of the amended complaint reveals the weakness of this argument. At the heart of the complaint is the request for a declaration that a prior order of the bankruptcy court is null and void. The claims for replevin and conversion are mere appendages—means of effectuating relief should the requested declaration be given. Even Tread-

away's counsel recognized this in oral argument on the Academy's motion to dismiss:

> There's no way this Court can get into the relief we're requesting without looking to the Federal Court judgment and making a determination whether or not there was a fraud, and I don't think a State Court has the power under our constitution to do that.

E.R. at 119a. This truth cannot be concealed by "artful pleading." *See Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 769 (9th Cir.1986); *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981). Nor can such pleading make *Lapin* inapposite.[3]

Treadaway also attempts to distinguish *Lapin* by asserting that, unlike her suit, "there is no suggestion in *Lapin* that the non-rendering court's jurisdiction was invoked under 28 U.S.C. Section 1332 or any other statute creating original jurisdiction in federal district courts." Thus, she concludes, *Lapin* "is no authority for the lower court's refusal to adjudicate plaintiff's claims which have an independent jurisdictional basis." The simple response is that in *Lapin* we did not treat either the presence or absence of jurisdiction as controlling. *See* 333 F.2d at 172.

Finally, Treadaway argues obliquely that *Lapin* applies only to cases in which a litigant brings an independent action to modify or dissolve an injunction—and not to suits such as this, which seek relief from a final order. It is a sterile distinction.

First, the court in *Lapin* specifically discussed the procedures existing prior to

2. At least one other circuit has indicated that the rendering court is the preferred forum for an independent action seeking relief from a judgment. *See Carr v. District of Columbia*, 543 F.2d 917, 927 (D.C.Cir.1976). *But see, e.g., Locklin v. Switzer Brothers, Inc.*, 335 F.2d 331, 334–35 & n. 9 (7th Cir.1964) (noting the decision in *Lapin*, but entertaining an independent action seeking relief from a judgment of a California district court), *cert. denied*, 379 U.S. 962, 85 S.Ct. 652, 13 L.Ed.2d 557 (1965).

3. The "artful pleading" doctrine has been developed in the context of removal jurisdiction to prevent plaintiffs from foreclosing defendants' rightful access to federal fora by framing their complaints in an artificial and deceptive manner. *See* 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3722, at 266–79 (2d ed. 1985) (citing cases). We think the doctrine is equally applicable when plaintiffs disguise the true nature of their claims in order to evade other jurisdictional rules, provisions regarding venue, or principles governing choice of law.

Rule 60(b) for bringing an independent action to secure relief from a judgment at law. The proper method, the court observed, was to bring a writ of audita querela, *see id.* at 171; traditionally, it noted, that writ could be brought "only in the court which rendered the judgment," *id.* By highlighting this information, the court clearly implied that its decision was germane to independent attacks on all types of final judgments.

██ Second, and more important, the concerns that moved the *Lapin* court are no less cogent in the instant case. When a court entertains an independent action for relief from the final order of another court, it interferes with and usurps the power of the rendering court just as much as it would if it were reviewing that court's equitable decree. Although justice may occasionally demand that sort of interference, the identification of those rare situations is committed to the sound discretion of the district court. *Cf. Timberlane Lumber Co. v. Bank of America National Trust & Savings Association,* 749 F.2d 1378, 1386 (9th Cir.1984) (noting that the standard of review for forum non conveniens dismissals is "abuse of discretion"), *cert. denied,* — U.S. —, 105 S.Ct. 3514, 87 L.Ed.2d 643 (1985).

██ We hold that in this case, the district court did not abuse its discretion in declining to exercise jurisdiction.

B. *Attorney's Fees and Costs*

██ The Academy asks us to award it double the costs and attorney's fees it incurred in opposing Treadaway's appeal. We have discretion to grant such a request only if an appeal is frivolous, *see Orange Belt District Council of Painters No. 48 v. Kashak,* 774 F.2d 985, 991 (9th Cir.1985)— that is, "if the result is obvious" or "the claims of error are wholly without merit," *Malhiot v. Southern California Retail Clerks Union,* 735 F.2d 1133, 1137 (9th Cir.1984), *cert. denied,* — U.S. —, 105 S.Ct. 959, 83 L.Ed.2d 965 (1985). This appeal is not frivolous; therefore, the Academy must bear its own fees and costs.

**AFFIRMED**