996 F.2d 1227
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shelley REINISCH; Ronald Reinisch, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-15481.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 15, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants, Shelley G. Reinisch and Ronald F. Reinisch ("the Reinischs"), timely appeal from the dismissal of their independent action for relief from prior judgments of the United States District Court for the District of Colorado and the United States Court of Appeals for the Tenth Circuit. The United States District Court for the Northern District of California declined to exercise jurisdiction over the Reinischs' action. We affirm.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 This dispute derives from a loan obtained by Solarado, Inc. from the Small Business Administration (SBA). Ronald Reinisch, president of Solarado, and his wife Shelley Reinisch, both guaranteed the loan with a deed of trust to their Colorado home. Solarado defaulted on the loan, and the United States Attorney began foreclosure proceedings on behalf of the SBA in the United States District Court for the District of Colorado. In response, the Reinischs filed a separate suit against the United States, the SBA, and the SBA loan officer who handled the Solarado loan application. The Reinischs claimed that the loan officer misled them into believing that the SBA foreclosed on personal residences only if the borrowers engaged in fraud or dishonesty in connection with the loan proceeds.
 
 
 4
 The Colorado district court consolidated the two actions. United States v. Solarado, No. 83-C-1240 consolidated with Reinisch v. Small Business Admin., No. 83-C-1485. In the Reinischs' suit, the district court granted summary judgment in favor of the United States and the SBA, but denied summary judgment in favor of the individual loan officer. On appeal, the Tenth Circuit held that the SBA officer was immune from suit and reversed the district court's denial of summary judgment. In the foreclosure proceeding, the district court granted summary judgment in favor of the United States, and entered judgment against the Reinischs for $223,060.85. The SBA completed foreclosure and sold the Reinischs' house to a third party. The Tenth Circuit affirmed the judgment of foreclosure, and the Supreme Court denied certiorari. Reinisch v. United States, 488 U.S. 824 (1988).
 
 
 5
 In the present action, filed in the United States District Court for the Northern District of California, the Reinischs claim that fraud was involved in the foreclosure proceeding. They seek relief from the judgment of foreclosure, a refund of the market value of their house, and reimbursement of their costs and attorneys' fees incurred in the previous litigation.
 
 
 6
 The district court declined to exercise jurisdiction over the Reinischs' action on comity grounds, concluding that the Colorado federal courts would be the appropriate forum in which to seek relief from the judgment. The court also concluded the action could be dismissed based on res judicata, collateral estoppel, failure to state a claim, and the applicable statute of limitations. This appeal followed.
 
 II.
 JURISDICTION AND STANDARD OF REVIEW
 
 7
 The district court had jurisdiction to determine its own jurisdiction. McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir.1987). This court has jurisdiction over the Reinischs' appeal of the dismissal of their action under 28 U.S.C. § 1291.
 
 
 8
 A district court's decision to decline to exercise jurisdiction over an independent action for relief from judgment of another court is reviewed for abuse of discretion. Treadaway v. Academy of Motion Picture Arts and Sciences, 783 F.2d 1418, 1422 (9th Cir.1986).
 
 III.
 DISCUSSION
 
 9
 We conclude that considerations of comity provide ample justification for the dismissal of the Reinischs' independent action for relief from judgment. Treadaway, 783 F.2d at 1420. The relief sought by the Reinischs was available in the Colorado federal district court, and that court was the appropriate forum to bring this action. See Id. at 1421-22; Lapin v. Shulton, 333 F.2d 169, 172 (9th Cir.) (considerations of comity and orderly administration of justice demand that the nonrendering court decline to exercise jurisdiction if relief is available in the rendering court), cert. denied, 379 U.S. 904 (1964). Accordingly, the district court did not abuse its discretion in declining to exercise jurisdiction, and dismissal of the action was appropriate.[1]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we hold that the district court properly declined to exercise jurisdiction, we do not reach the additional grounds that the district court concluded supported dismissal