FERNANDEZ, Circuit Judge:
 

 Charlie Hinduja and Varsha Hinduja appeal the district court’s order dismissing their complaint against ARCO Products Company and others.
 
 [1]
 
 The district court determined that a stipulation, which incorporated the terms of a settlement between the Hindujas and ARCO, had itself been incorporated into and made an order of the bankruptcy court. The district court, therefore, declared that it could not grant relief because “bankruptcy court orders can only be interpreted for meaning, or for a violation of the order, by the court that issued the order.” We reverse.
 

 BACKGROUND
 

 Hinduja and ARCO entered into franchise agreements for an AM./P.M. Mini-Market and a gasoline station located in Santa Barbara, California. In August of 1992, ARCO gave Hinduja notice that his franchise agreements were being terminated because he had violated their terms. In December of 1992, Hinduja executed a release of claims against ARCO in exchange for ARCO’s agreement to allow him a limited opportunity to attempt to assign the franchise agreements to another party (the Agreement and Release). The Agreement and Release provided that if an assignment was not timely made, ARCO could take possession of the property. On June 3, 1993, when Hinduja had not secured a buyer in the time allotted by the Agreement and Release, he and his spouse filed for bankruptcy in order to prevent ARCO from taking possession of the station.
 
 In re Hinduja,
 
 Bk. No. ND-93-11967-RR (Chapter 11 proceeding converted to Chapter 7 proceeding)
 
 (Hinduja I).
 
 Upon filing of the bankruptcy petition, an automatic stay was imposed, and ARCO’s repossession was thwarted.
 

 On August 18,1993, during the bankruptcy proceedings and with the advice of counsel, both Hindujas again agreed to release their claims against ARCO in exchange for an agreement by ARCO to allow Hinduja to attempt to assign the franchise to a Mr. Irani, subject to certain conditions. That release and agreement were incorporated into a stipulation (the Stipulation), which in turn incorporated, but modified, the terms of the Agreement and Release. The bankrupt
 
 *989
 
 cy court entered its “Order on Stipulation re Motion for Relief from Automatic Stay” on August 19, 1993 (Order on Stipulation). In that order, it attached and expressly incorporated the terms of the Stipulation. It said: “The court now ORDERS that the Stipulation is hereby approved and made an order of this court.”
 

 The Stipulation contained a provision that would effectively terminate the automatic stay upon the occurrence of a certain event. Specifically, it provided that if the transfer to Irani did not close by December 15, 1993, ARCO could take sole possession of the property without any further order of the court. One of the conditions of the Stipulation was that Irani complete a mandatory 12-weefc training program regarding operation of the new franchises. He failed to complete the training, so the transfer did not close by December 15, 1993. Thereupon, ARCO repossessed the property.
 

 On December 14, 1994, the Hindujas filed a complaint in the Superior Court for the State of California in which they alleged violations of the various agreements, including the Stipulation; however, the complaint was never served. On April 9,1995, the Hindujas petitioned the bankruptcy court for a dismissal of their bankruptcy action; the petition was granted. Then, on May 12, 1995, the Hindujas filed a First Amended Complaint in the Superior Court, which was served on ARCO on May 12, 1995. That complaint stated various federal and state law claims arising primarily out of ARCO’s alleged breaches of its agreements. Those breaches, they pled, culminated in a violation of the agreement set forth in the Stipulation. ARCO removed the Superior Court action to the United States District Court for the Central District of California and. promptly filed a motion to dismiss based upon, among other grounds, the releases contained in the Agreement and Release and in the Stipulation.
 

 The district court then issued an order dismissing the Hindujas’ actions. It did not take up ARCO’s grounds, but dismissed based upon a lack of subject matter jurisdiction. It stated that “bankruptcy court orders can only be interpreted for meaning, or for a violation of that order, by the court that issued the order.”
 

 JURISDICTION AND STANDARD OF REVIEW
 

 The district court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 

 We review the district court’s determination of subject matter jurisdiction de novo.
 
 See Sahni v. American Diversified Partners.,
 
 83 F.3d 1054, 1057 (9th Cir.1996),
 
 cert. denied,
 
 — U.S. -, 117 S.Ct. 765, — L.Ed.2d — (1997).
 

 DISCUSSION
 

 For purposes of this opinion we assume, without deciding, that the bankruptcy court did retain jurisdiction to enforce the settlement agreement. That, however, requires us to decide whether that court’s jurisdiction was exclusive. It was not.
 

 A review of the complaint demonstrates that the Hindujas did not seek to enforce an order of the bankruptcy court when they brought this action. Rather, they complained of a course of conduct by ARCO which, as they alleged, covered a period starting long before the order on Stipulation and continuing long after it. They objected to ARCO’s actions regarding the original franchise agreements, the Settlement and Release, and, in culmination, the agreement contained in the Stipulation.
 

 There is no reason to declare that the mere fact that a bankruptcy decree has issued requires that any and all further proceedings be in the bankruptcy court. In fact, the contrary has been held to be the case.
 
 See Sanders v. City of Brady (In re Brady, Texas, Municipal Gas Corp.),
 
 936 F.2d 212, 218-19 (5th Cir.),
 
 cert. denied
 
 502 U.S. 1013, 112 S.Ct. 657, 116 L.Ed.2d 748 (1991) (although the bankruptcy court had jurisdiction under a reorganization plan, that jurisdiction was not exclusive of state court jurisdiction);
 
 cf. Watson v. Shandell (In re Watson),
 
 192 B.R. 739, 748 (9th Cir. BAP 1996). Of course, there may be times when circumstances require that a claim related to bankruptcy proceedings must be brought in the
 
 *990
 
 bankruptcy court.
 
 See, e.g., MSR Exploration, Ltd. v. Meridian Oil, Inc.,
 
 74 F.3d 910, 916 (9th Cir.1996) (malicious prosecution claim). Those circumstances are not presented in this case. This is not a case where a separate state action will interfere with the uniformity required in bankruptcy proceedings or with the control of the bankruptcy court over those proceedings. It is a simple matter of enforcing contract law and deciding claims arising out of actions which allegedly breached contracts.
 

 What the district court effectively determined was that the Order on Stipulation completely preempted any action on the contracts between Hinduja and ARCO. We do not agree with that. Rather,
 
 Westinghouse v. Newman & Holtzinger,
 
 992 F.2d 932 (9th Cir.1993), informs our decision of this case. As we said there:
 

 As we have already stated [the] complaint
 
 does
 
 allege an agreement ... to prevent the public disclosure of ... documents. That agreement, on the face of the complaint, is independent of the protective order. While independent agreements of that type may be unusual, they are not inconceivable. The agreement would make the [contracting parties] directly hable ... for a breach of
 
 its
 
 terms. The order would look to the court to impose sanctions for a violation of
 
 its
 
 terms.
 

 ... Because the complaint does allege an independent claim for breach of contract, the action should not have been removed on the ground of complete preemption. ...
 

 Id.
 
 at 936-37. So too in this case.
 

 The Hindujas could have sought relief from the bankruptcy court if they believed that ARCO was violating the terms of that court’s order. They did not. Instead they sued on the separate contracts that ARCO had entered into with Hinduja in the franchise agreement, the Settlement and Release, and the Stipulation. If the alleged multiple breaches by ARCO also violated the bankruptcy court’s order, that does not mean that only the bankruptcy court could or should give the Hindujas relief. A separate action for breach of the agreements will serve as well.
 

 Of course, we do not. mean to say that there can never be a case in which a court, which has issued an order based upon a stipulation, should be deferred to. Perhaps there will be times when the whole basis of a complex dispute has merged into the order itself.
 
 Cf. Hough v. Hough,
 
 26 Cal.2d 605, 609-10, 160 P.2d 15, 17 (1945) (unique nature of divorce proceedings requires merger of settlement agreements into decree when they are made a part thereof). There may also be times when the action in another court is really for contempt or for dissolution of the issuing court’s order.
 
 Cf. Lubrizol Corp. v. Exxon Corp.,
 
 871 F.2d 1279, 1282-83 (5th Cir.1989) (although only the issuing court can exercise contempt jurisdiction, other courts can decide separate claims),
 
 cert. denied,
 
 506 U.S. 864, 113 S.Ct. 186, 121 L.Ed.2d 131 (1992);
 
 Lapin v. Shulton, Inc.,
 
 333 F.2d 169, 172 (9th Cir.) (court should usually decline jurisdiction to dissolve another court’s injunction), ce
 
 rt. denied,
 
 379 U.S. 904, 85 S.Ct. 193, 13 L.Ed.2d 177 (1964). Or there may be times when relief from a court’s order is sought.
 
 See Treadaway v. Academy of Motion Picture Arts & Sciences,
 
 783 F.2d 1418, 1421-22 (9th Cir.1986) (a court should not ordinarily entertain what amounts to a Federal Rule of Civil Procedure 60(b) motion to set aside a judgment of another court).
 

 Those considerations are not present in this ease. The Stipulation, which led to the Order on Stipulation, might well have settled the dispute at hand, but the order itself merely resolved an automatic stay issue on the assumption that the parties’ agreements would be fairly carried out. Moreover, the bankruptcy court itself later appeared to be of the opinion that an action for breach of contract could proceed elsewhere, which suggests that it either did not consider the whole dispute to be merged into its order or declined continuing jurisdiction. As the bankruptcy court said when it granted the motion to dismiss the bankruptcy proceeding: “ARCO gets to go to state court ... or federal district court ... or whatever.”
 
 Cf. Arata v. Nu Skin Int'l Inc.,
 
 96 F.3d 1265, 1269 (9th Cir.1996) (district court may choose to terminate its previously retained jurisdiction). Finally, the Hindujas do not seek
 
 *991
 
 contempt sanctions, modifications, or specific enforcement of the bankruptcy court’s order. They seek damages for a number of alleged wrongs, including breach of the various agreements that they entered into with ARCO.
 

 CONCLUSION
 

 We have assumed that when the bankruptcy court incorporated the terms of the Hin-dujas’ settlement with ARCO into its Order on Stipulation, it did retain jurisdiction to enforce the Stipulation. However, in so doing it did not elide all of the contractual agreements between ARCO and the Hindu-jas. Those remained viable enough to allow a later action for ARCO’s breach of their terms. If ARCO’s wrongful activity was re-erudescent, as Hinduja claims, that may well have violated the bankruptcy court’s order. But it may also have breached the agreement which was incorporated in the Stipulation, have resurrected assertions of breach of the Settlement and Release, and in turn have breathed new life into the underlying claims for violation of the franchise agreements. We do not say that any of that occurred here; we only say that the district court had jurisdiction to decide if it did.
 

 REVERSED and REMANDED.
 

 [1]
 

 . Hereafter when we refer to Hinduja, we mean Charlie Hinduja because he was the individual primarily involved with ARCO. However, Var-sha Hinduja has also appealed, and we will refer to both of them as the Hindujas.