**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 7 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CHARLOTTE ANN PLOTNER, an
individual,

    Plaintiff-Appellant,

v.

AT&T CORPORATION, a New York
Corporation; GERALD L. GAMBLE;
CHARLES C. GREEN; KENNETH N.
MCKINNEY; MARK D. COLDIRON;
JIM T. PRIEST; GARY D.
HAMMOND; MCKINNEY
STRINGER & WEBSTER PC.,

    Defendants-Appellees,

No. 96-6212
(D.C. No. CIV-95-50-R)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before PORFILIO, TACHA, and BRISCOE, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff's primary asset in her Chapter 11 bankruptcy estate was an 80-acre piece of commercial property in Oklahoma City. Over her objections, the bankruptcy court approved the sale of the property to AT&T, through a strawman, and the district court dismissed her appeal as moot because the sale had been consummated. Plaintiff then filed this action in the district court alleging fraud on the bankruptcy court against all defendants except Gerald Gamble and breach of fiduciary duty against Gamble and seeking rescission of the sale plus compensatory and punitive damages.

Defendants moved for dismissal or summary judgment based on, inter alia, lack of subject matter jurisdiction. As the district court noted, plaintiff's basis for jurisdiction has evolved since her original complaint against AT&T only, which alleged diversity jurisdiction. Adding the remaining defendants with her first amended complaint, plaintiff changed her jurisdictional basis to federal question. In response to defendants' motions, the only basis for jurisdiction plaintiff alleged was as an independent action for fraud on the court under Fed. R. Civ. P. 60(b). See, e.g., Appellant's App. Vol. III at 1219.

The district court concluded that while Rule 60(b) preserved ancillary jurisdiction to entertain an independent equitable action challenging a judgment based on fraud on the court, see Crosby v. Mills, 413 F.2d 1273, 1275-76 (10th Cir. 1969), this case did not present the unusual and exceptional circumstances necessary to warrant exercise of its jurisdiction, in large part because the fraud was allegedly perpetrated on the bankruptcy court, and the bankruptcy court could provide an adequate remedy to plaintiff. The court therefore dismissed plaintiff's complaint without prejudice to her seeking appropriate relief in the bankruptcy court. The court also denied her motion to file a second amended complaint as moot. Plaintiff appeals, although before even filing her notice of appeal she had filed a separate action in the bankruptcy court seeking virtually the same relief as in this case.

On appeal, plaintiff contends that the district court had federal question jurisdiction due to defendants' commission of the crime of bankruptcy fraud and their use of the courts to deprive her of her due process rights. Though it is

unclear from the record whether plaintiff ever asserted these bases for jurisdiction in the district court,[1] it is clear that plaintiff did not raise these issues in response to defendants' motions to dismiss or for summary judgment, nor did the district court consider them in its dismissal order. We do not consider on appeal issues not raised or abandoned in the district court absent unusual circumstances that are not present here. See Rademacher v. Colorado Ass'n of Soil Conservation Dists. Med. Benefits Plan, 11 F.3d 1567, 1571-72 (10th Cir. 1993); Daigle v. Shell Oil Co., 972 F.2d 1527, 1539 (10th Cir. 1992) (court may "eschew untimely raised legal theories which may support . . . jurisdiction"). Because plaintiff did not preserve her arguments for federal question jurisdiction, we reject her contention that the dismissal violated her right to a jury trial.

Plaintiff also contends that the unusual and exceptional circumstances of this case required exercise of the district court's ancillary jurisdiction over this case as an independent action. She also contends that the district court abused its discretion in not allowing her to amend her complaint to add an additional defendant. The district court has discretion regarding whether to exercise its ancillary jurisdiction over an independent action, see King Fisher Marine Serv.,

---

[1] Plaintiff failed to comply with 10th Cir. R. 28.2(b) requiring her to provide "with respect to each issue raised on appeal, a statement as to where in the record the issue was raised and ruled upon." Additionally, she did not provide an overall index to her nearly 2000-page appendix, much of which applies to her separate bankruptcy court case.

Inc. v. 21st Phoenix Corp., 893 F.2d 1155, 1158 (10th Cir. 1990); Treadaway v. Academy of Motion Picture Arts & Sciences, 783 F.2d 1418, 1422 (9th Cir. 1986), and we see no abuse of that discretion here. We also agree with the court that whether to allow amendment of the complaint is moot. Thus, we affirm the district court's dismissal of plaintiff's complaint for substantially the same reasons as stated in the district court's July 30, 1996 amended order.

AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge