**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DELSON GROUP, INC, a Delaware corporation, <br><br>       Plaintiff - Appellant, <br><br>  v. <br><br> GSM ASSOCIATION, a British nonprofit organization and GSMA LTD, a Georgia nonprofit corporation, <br><br>       Defendants - Appellees. | No. 12-16809 <br><br> D.C. No. 3:12-cv-02358-JSW <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted January 17, 2014
San Francisco, California

Before: ALARCÓN, TALLMAN, and IKUTA, Circuit Judges.

Delson Group, Inc. appeals from the district court's order dismissing

Delson's trademark action against GSM Association. We have jurisdiction under

28 U.S.C. § 1291.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court did not err in dismissing GSM's complaint as a collateral attack against a judgment rendered by a Georgia district court. Although a district court may entertain such an attack, they are "disfavored." *F.D.I.C. v. Aaronian*, 93 F.3d 636, 639 (9th Cir. 1996). Accordingly, "[c]ourts of appeals review with deference a [nonrendering] court's decision to defer to the rendering court." *Id.* In a similar context, we have instructed that "considerations of comity and orderly administration of justice demand that the nonrendering court should decline jurisdiction of such an action and remand the parties for their relief to the rendering court." *Lapin v. Shulton, Inc.*, 333 F.2d 169, 172 (9th Cir. 1964). The district court therefore did not abuse its discretion by following these instructions.

Relying on Supreme Court dicta, Delson urges that a district court has no discretion to dismiss a collateral attack premised on the rendering court's alleged lack of personal jurisdiction. The Supreme Court has never squarely held as much, and our own precedent weighs against such a conclusion. *See Treadaway v. Academy of Motion Picture Arts & Sciences*, 783 F.2d 1418, 1422 (9th Cir. 1986) ("When a court entertains an independent action for relief from the final order of another court, it interferes with and usurps the power of the rendering court just as much as it would if it were reviewing that court's equitable decree. Although

2

justice may occasionally demand that sort of interference, the identification of those rare situations is committed to the sound discretion of the district court.")

Nor did the district court err in construing Delson's complaint as an action seeking relief from the judgment of another court. The Georgia district court enjoined Delson from using the terms "Mobile World Congress" and "World Mobile Congress" to promote its events, while Delson's California action alleged that GSM had violated Delson's trademark as to the same terms. Because a "request for a declaration that a prior order of the [Georgia district court] is null and void" is "at the heart of [Delson's] complaint," the district court did not abuse its discretion in construing Delson's complaint as an independent action seeking relief from the judgment of another court. *Treadaway*, 783 F.2d at 1421; *see also Aaronian*, 93 F.3d at 639 ("The label affixed to the motion will not dictate the outcome of the [nonrendering] court's decision.").

**AFFIRMED.**