798 P.2d 938

**ARTIACH TRUCKING, INC., an Idaho corporation, Plaintiff–Respondent,**

v.

**Martin N. WOLTERS and D. Marie Wolters, husband and wife, Defendants–Appellants,**

and

**Y/K Investments, Inc., an Idaho corporation; Leo T. Kawakami, an individual; Ernest James Wolters and Ellen Jean Wolters, husband and wife; John Sudik; all persons in possession or claiming any right to possession, Defendants.**

No. 18038.

Court of Appeals of Idaho.

Oct. 5, 1990.

Stephen T. Sherer, Meridian and Arens and Alexander, Fayetteville, Ark., for appellant. Karen Pope argued.

Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, for respondent. James P. Gillespie argued.

SWANSTROM, Judge.

Martin and Marie Wolters ask us to review the district court's denial of their motion under I.R.C.P. 60(b) for relief from judgment. We affirm.

The relevant facts are as follows. In 1985, Artiach Trucking lent $50,000 to a corporation called Y.K. Investments which was run by Leo Kawakami. As security for the loan, Kawakami gave Artiach two mortgages. One mortgage was on property in Oregon which belonged to Kawakami's mother. The other mortgage was on a farm in Jerome County, Idaho. Martin and Marie Wolters had deeded the Jerome County farm to Kawakami in the belief it would facilitate a possible farm loan. Some months later Artiach lent a further $60,000 to Y.K. Investments. This loan was secured by a lien on a hay crop then being grown on the property in Jerome County. Shortly thereafter, Kawakami disappeared, having failed to repay Artiach for either loan. Artiach brought an action in Jerome County seeking to recover for both loans. On Artiach's motion for partial summary judgment, the district court granted Artiach's request to foreclose on the mortgage which had been partial security for the $50,000 loan. As to the $60,000 loan which had been secured by the growing hay crop, the parties held extensive settlement negotiations. Finally, a stipu-

lated judgment was presented to the court and filed as a final judgment, resolving the entire case. Some months later, the Wolters filed a motion under I.R.C.P. 60(b) to vacate the stipulated judgment, alleging that it had been secured by fraud. After a hearing, the district court denied the motion. The Wolters filed this appeal.

■ Preliminarily, we note that our standard of review is well-established. The decision whether to grant relief under Rule 60(b) is committed to the discretion of the trial court. Such decision will not be disturbed on appeal unless discretion is abused. *Bull v. Leake*, 109 Idaho 1044, 1047, 712 P.2d 745, 748 (Ct.App.1986). The Wolters contend that the district court erred in denying the Rule 60(b) motion because the stipulated judgment had been obtained by fraud. We are not persuaded.

Rule 60(b)(3), I.R.C.P., provides that a court may relieve a party from a final judgment if there was "fraud, (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Our Supreme Court has stated that "fraud," for the purposes of this rule, requires more than interparty misconduct—it will be found only in the presence of such "tampering with the administration of justice as to suggest 'a wrong against the institutions set up to protect and safeguard the public.'" *Compton v. Compton*, 101 Idaho 328, 334, 612 P.2d 1175, 1181 (1980).

■ Here, the Wolters' allegations of fraud center primarily around a lawsuit Artiach brought in Oregon, also seeking recovery for the $50,000 loan, and requesting foreclosure on the mortgage on the Oregon property. The Wolters contend that there was subterfuge by Artiach's attorney in not adequately informing the Wolters, after being served with interrogatories, of the possibility of recovery on the Oregon property. The Wolters assert that had they known that Artiach ultimately had been able to achieve some recovery in Oregon, they would never have settled with Artiach for the sums in the stipulated judgment.

We do not believe these circumstances create the fraud or misrepresentation envisioned in Rule 60(b). The responses to the Wolters' interrogatories may have been inadequate, in the Wolters' view, but they were not fraudulent. Our examination of the record reveals that Artiach's interrogatory answers, although less than perfect, nevertheless provided the Wolters with access to all the information they eventually used to bring this motion. The interrogatories, together with Artiach's informal communications, told the Wolters the name of the Oregon counsel, the location of the property, the venue of the Oregon litigation, and the existence of a prior first mortgage on the property. One interrogatory answer told them that the Oregon action was "proceeding in the normal course." If the Wolters had followed up on the answer, they could have obtained all the information that was subsequently revealed to them and on which they brought this motion.

■ The Wolters further suggest that Artiach was under a duty to supplement its responses to their interrogatories by informing them of the Oregon recovery when it occurred. Rule 26(e), I.R.C.P., sets forth the limited duty to supplement responses to a discovery request. The rule provides that:

(1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to

(A) the identity and location of persons having knowledge of discoverable matters ...

(2) A party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which

(A) he knows that the response was incorrect when made, or

(B) he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

The determination of a violation of Rule 26(e) and the impositions of sanctions are left to the sound discretion of the trial judge. *Viehweg v. Thompson*, 103 Idaho

265, 647 P.2d 311 (Ct.App.1982). We must determine first whether Artiach's interrogatory answers were no longer true, and second, if no longer true, whether Artiach's failure to amend its response was a knowing concealment. Examining the Wolters' assertion in light of this rule, we conclude that Artiach was under no duty to supplement its responses to the interrogatories. It is clear that, indeed, the Oregon litigation was progressing "in the normal course," which in that action, as in this one, meant that several parties had competing interests in the same property. We cannot see where the Wolters' interrogatory about the status of Oregon litigation created a duty by Artiach to tell them of the recovery there—a recovery that did not occur until after the settlement was reached in this case.

We also consider it somewhat inconsistent for the Wolters now to assert that Artiach's answers were fraudulently incomplete or misleading when they failed to seek, informally or formally, any supplementation of the answers. If they had sought additional information, there is no indication that Artiach would not have cooperated. The record is clear that the Wolters were fully aware, throughout the course of the litigation, that Artiach was also pursuing litigation on the Oregon property. They knew from their own experience how vigorously Artiach was prepared to seek recovery. They knew that Artiach's response to that interrogatory was rather broad. Yet, despite this knowledge, the Wolters failed to pursue normal discovery procedures that were available for obtaining more information. If they had taken any of the available courses of inquiry, the full progress of the Oregon litigation would have been divulged. The Wolters' failure to do so does not make Artiach's answers fraudulent. The district court did not abuse its discretion in failing to vacate the stipulated judgment.

Artiach seeks attorney fees on appeal under I.C. § 12–121. An award under this section will be made if an appellate court finds that the appeal was brought or pursued frivolously, unreasonably or without foundation. I.R.C.P. 54(e)(1). We are not left with the abiding belief that this appeal falls into this category. Consequently, we decline to award fees on appeal to respondent.

In conclusion, the order of the district court denying relief from the judgment is affirmed. Costs to respondent Artiach.

HERNDON and SCHILLING, JJ. Pro Tem., concur.