844 P.2d 1371

**James Charles CRAIG, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 19696.**

Court of Appeals of Idaho.

Dec. 11, 1992.

Petition for Review Denied Jan. 4, 1993.

James Craig, pro se.

Larry J. EchoHawk, Atty. Gen., Robert R. Gates, Deputy Atty. Gen., for respondent.

SWANSTROM, Judge.

James Craig's parole was revoked because of positive tests for the use of controlled substances. He later filed a petition for a writ of habeas corpus alleging that his parole was revoked based upon insufficient evidence, violating his right to due process. He received no relief in the magistrate division and his appeal to the district court was also unsuccessful. He

then brought this appeal. For the reasons stated below, we affirm.

Craig was convicted of second degree murder in 1977 and in March, 1989, was granted parole. In September, 1989, Craig was ordered by his parole officer to submit to a urinalysis to detect the use of illegal drugs. The test returned positive for cannabinoids. Craig was warned by his parole officer that another positive test would result in the submission of a report of violation. In April, 1990, Craig was again subjected to a urinalysis, with the same positive result. A parole violation hearing was conducted on May 31, 1990, testimony and evidence were taken, and the findings were referred to the Commission with a recommendation that parole be revoked. Craig appeared and testified at the revocation hearing before the Commission. He insisted that the positive results, on both tests, were due to passive inhalation of marijuana smoke. The Commission adopted verbatim the hearing officer's findings and revoked Craig's parole for failing to abstain from the use of controlled substances, a violation of Rule 6(b) of his parole supervision agreement.

Craig petitioned the magistrate for a writ of habeas corpus. The parties stipulated to facts and documents that the magistrate could consider. The documents contained six specific findings which the parole hearing officer had made and which were adopted verbatim by the Commission as its findings when parole was revoked. In addition to the stipulated facts, the magistrate made additional findings based upon the documents which were admitted in evidence. No issue is raised as to the correctness of the magistrate's findings. These matters are all set forth in the magistrate's memorandum decision dated December 10, 1990.

However, from the stipulated documents in the habeas corpus proceeding, the magistrate was unable to determine, because of some ambiguous language, whether certain statements made by the Commission were intended to be additional findings of the Commission. The magistrate determined that at least one reasonable interpretation of the language would support the decision of the Commission to revoke Craig's parole, while another interpretation would not. Accordingly, the magistrate temporarily remanded the matter to the Commission "for the issuance of amended written findings and written reasons for the revocation of [Craig's] parole, addressing the ambiguities in this decision."

The Commission did amend its findings. After reviewing them, the magistrate denied Craig's petition for habeas corpus relief. Craig filed an appeal with the district court. When the court affirmed the magistrate's decision, Craig brought this timely appeal.

█ Craig's present appeal is from an appellate decision of the district court which reviewed and upheld a magistrate's decision in a habeas corpus proceedings brought by Craig. When reviewing an appellate decision of the district court which has reviewed a magistrate's findings and rulings, this Court will "examine the record of the magistrate independently of, but with due regard for the district court's decision." *Freeman v. State*, 119 Idaho 692, 809 P.2d 1171 (Ct.App.1991); *Cole v. Kunzler*, 115 Idaho 552, 768 P.2d 815 (Ct. App.1989).

█ The issues Craig raises in this appeal are not all the same issues he raised in the appeal from the magistrate division. Generally, in a second-level appeal, we will address only those issues which were raised in the first-level appeal and which are reasserted with supporting argument and authority. The issues Craig has timely raised and preserved for this appeal can be stated as follows:

1) Whether the magistrate erred in denying Craig's petition for habeas corpus relief based on the record which existed prior to the remand?

2) Whether the magistrate erred in remanding the matter to the Commission of Pardons and Parole for clarification of the record without giving Craig the opportunity for oral argument on his motion for reconsideration of the remand order?

3) Whether Craig was deprived of procedural due process rights guaranteed him by the constitutions of the United States and State of Idaho by the remand order which allowed the Commission of Pardons and Parole to amend its findings without conducting a further hearing with Craig present?

An additional issue which the parties first addressed in their briefs to the district court was whether the standard of review applied by the magistrate to the findings and decision of the Commission was the correct standard.

 It should be noted that both parties agree the decision of the Commission to revoke parole affects a limited liberty interest of the parolee which is protected by due process requirements derived from the constitutions of the United States and the State of Idaho. *See Morrissey v. Brewer*, 408 U.S. 471, 495, 92 S.Ct. 2593, 2607, 33 L.Ed.2d 484 (1972). For a constitutional challenge to survive, there must be a protected interest involved. *Id.* Our Supreme Court has held that the Parole Commission's decisions are not directly reviewable under the Administrative Procedures Act. *Carman v. Commission of Pardons and Parole*, 119 Idaho 642, 644, 809 P.2d 503, 505 (1991). However, because this appeal is from a denial of a habeas corpus petition based on a constitutional challenge under the due process clause of the United States and Idaho constitutions, judicial review is available. *Morrissey*, 408 U.S. at 495, 92 S.Ct. at 2607; *See also Gawron v. Roberts*, 113 Idaho 330, 743 P.2d 983 (Ct.App.1987) (the writ of habeas corpus is available to effect discharge of probationer confined after arrest by probation officer who did not comply with procedures for timely "arraignment" of probationer on alleged violation). Therefore, we conclude that the district court, or the magistrate division thereof, initially, had jurisdiction in a habeas corpus proceeding to make a limited review of the Commission's decision to revoke Craig's parole. *See, e.g.,* I.C. §§ 1–2208, –2210; I.R.C.P. 82(c)(1) and 82(c)(2)(E).

 In her memorandum decision, the magistrate noted that there has not been an appellate decision in Idaho which defines the standard of review a court should use to review a parole revocation decision of the Commission in the context of a habeas corpus action. Because there has been no prior case law to guide the magistrate, this appeal requires "the proper identification and application of the law;" therefore, we will exercise free review. *State v. Van Sickle*, 120 Idaho 99, 101, 813 P.2d 910, 912 (1991).

After noting that due process was applicable, the Court in *Morrissey* then indicated the process due a parolee; however, it stated, "[w]e cannot write a code of procedure; that is the responsibility of each State." *Id.* at 488, 92 S.Ct. at 2604. The Supreme Court noted that most states already had some type of procedure, specifically mentioning I.C. § 20–229 as an example. *Id.* at 488 n. 15, 92 S.Ct. at 2604 n. 15. The Supreme Court further noted that parole revocation is a two-step process involving, first, a factual question of whether the parolee has acted in violation of a condition of his parole; and second, if such a violation has occurred, whether the supervisory authorities should recommit the parolee to prison or resort to some other steps to protect society and improve the chances of the parolee's rehabilitation. *Id.* at 479–80, 92 S.Ct. at 2599. The same two procedural safeguards noted in *Morrissey* are contained in I.C. § 20–229B:

> If the member or members [of the Parole Commission] having heard the matter should conclude that the allegations of violation of the conditions of parole have been proven by a preponderance of the evidence *and* constitute sufficient cause for the revocation of parole, then such member or members shall enter an order of parole revocation. [Emphasis added.]

The statute has two components, one factual, the other discretionary. The threshold issue before the Commission is a question of fact. A violation of the conditions of parole must be proved by a preponderance of the evidence. The second step involves the exercise of the Commission's discretion based on the factual results of the first inquiry. If there is sufficient proof of vio-

lation then the Commission must decide if the violation is serious enough to warrant parole revocation. Therefore, any review of the Commission's decision to revoke parole must recognize and address the separate procedural requirements of the process.

The legislature has instructed the Commission to first weigh the evidence against an alleged parole violator to determine whether a parole violation has "been proven by a preponderance of the evidence." The weighing of evidence is normally a function of a trier of fact, either a jury or judge, or, as in this case, a commission. We review factual findings of a jury by the substantial evidence standard and of a judge by the clearly erroneous standard. *See, e.g., Challis Irrigation Co. v. State,* 107 Idaho 338, 348, 689 P.2d 230, 240 (Ct. App.1984); I.R.C.P. 52(a). However, clear error and substantial evidence have been equated by this Court; "[c]lear error will not be deemed to exist if the findings are supported by substantial and competent, though conflicting, evidence." *Rasmussen v. Martin,* 104 Idaho 401, 404, 659 P.2d 155, 158 (Ct.App.1983).

▮ As a fact finder, performing a quasi-judicial function, the Commission is charged by the legislature to make its finding of parole violation based upon sufficient evidence. With this in mind and using the above examples to guide this Court, we hold that the proper standard of review that the magistrate should have applied is substantial evidence.

> We regard evidence as "substantial" if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven. IDAHO APPELLATE HANDBOOK §§ 3.3.1 and 3.3.2.2 (Idaho Law Foundation, Inc., 1985).

*McGill v. Frasure,* 117 Idaho 598, 603, 790 P.2d 379, 384 (Ct.App.1990), *quoting Ortiz v. State Dept. of Health & Welfare,* 113 Idaho 682, 684, 747 P.2d 91, 93 (Ct.App. 1987). It is the state's burden to prove, by a preponderance of the evidence, all facts necessary to show the parolee violated a condition of his parole. "By a preponder-

ance of the evidence is meant such evidence as, when weighed with that opposed to it, has more convincing force and from which it results that the greater probability of truth lies therein." *Big Butte Ranch, Inc. v. Grasmick,* 91 Idaho 6, 9 n. 2, 415 P.2d 48, 51 n. 2 (1966). Where the Commission finds upon any substantial evidence in the record that a fact has been proven, the finding will not be disturbed. Where there is conflicting evidence in the record, of a substantial nature, on a given point of fact, the Commission shall be the sole arbiter of the weight to be given to the evidence, that is, whether a fact has been proven by a "preponderance of the evidence." Thus, where there is substantial although disputed evidence in the record before the Commission to support a finding that the alleged violation did occur, that finding will not be overturned by the reviewing court.

▮ By our use of the term "substantial evidence," we do not imply that the Rules of Evidence applicable to a judicial proceeding need be observed at a parole revocation hearing. Such a structured intake of evidence is not required by the statutory scheme found in Title 20, Chapter 2 of the Idaho Code, or by general case law. *See, e.g.,* 67A C.J.S. *Pardon & Parole* § 77 at 141 (1978) ("the parole authority may consider information from any reliable source").

In *Taylor v. United States Parole Commission,* 734 F.2d 1152, 1155 (6th Cir.1984), the court stated:

> We acknowledge at the outset that our standard of review in this case is quite limited. The Parole Commission is "vested with the broadest discretion consistent with due process to act upon reliable evidence in revoking parole." *United States ex rel. Sperling v. Fitzpatrick,* 426 F.2d 1161, 1163 (2d Cir.1970). Under 18 U.S.C. § 4214d), the Parole Commission may revoke an inmate's parole only upon a finding by a preponderance of the evidence that the parolee has violated a condition of his parole. Our review, however, is limited to determining whether the Parole Commission abused its discretion in making this finding....

We also acknowledge that a parole revocation hearing is not part of a criminal proceeding and is instead an administrative procedure to determine whether a parolee should be deprived of his conditional liberty for failure to observe special parole conditions. In this context, it is well settled that the Commission may consider hearsay evidence which is reasonably reliable in reaching its decision. [Citations omitted.]

■ We believe that the ruling in *Taylor,* while dealing with the federal statutory scheme, follows the general rules applicable to parole revocation proceedings, is consistent with Idaho law, and should be applied here. Accordingly, we hold that a finding by our Parole Commission that a parole violation has occurred will not be overturned unless the reviewing court can say that the finding represents an abuse of discretion. An abuse of discretion will occur only if the finding of a violation is not supported by substantial reliable evidence or if the procedures followed deprive the parolee of due process. In the present case, the magistrate's thoughtful memorandum decision shows that she applied the correct standard of review to the Commission's determination that a violation had occurred.

The second step for the Commission, once a violation has been found, is to decide whether the violation was sufficiently serious to warrant re-incarceration. This second aspect of the Commission's inquiry is one of discretion. The United States Supreme Court has stated:

> The second question involves the application of expertise by the parole authority in making a prediction as to the ability of the individual to live in society without committing antisocial acts. This part of the decision, too, depends on facts, and therefore it is important for the board to know not only that some violation was committed but also to know accurately how many and how serious the violations were. Yet this second step, deciding what to do about the violation once it is identified, is not purely factual but also predictive and discretionary.

*Morrissey,* 408 U.S. at 480, 92 S.Ct. at 2599.

The state urges this Court to adopt the standard of abuse of discretion, pointing to *State v. Hass,* 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct.App.1988) (revocation of probation is within the discretion of the district court and may occur at any time during the probationary period if the probationer has violated any of the terms of the probation). The statute applicable to parole revocation hearings, I.C. § 20–229B, allows the members of the Parole Commission to exercise their discretion in determining whether the proven violations of the conditions of parole "constitute sufficient cause for the revocation of parole." As the magistrate noted in her memorandum opinion, both federal and some state courts apply the "abuse of discretion" standard in reviewing parole revocation decisions. *Taylor v. United States Parole Commission, supra.* In *Ward v. State,* 573 P.2d 781, 782 (1978), the Supreme Court of Utah stated:

> The extent of judicial inquiry into parole revocation is obviously limited by the very nature of the proceeding. The plenary authority of the Board of Pardons should not be disturbed in the absence of a clear abuse of its rightful discretion.

We agree with this statement. From our own review of the case law we conclude that the magistrate applied the correct standard of review to the Commission's decision to revoke parole once the magistrate was satisfied that there was sufficient evidence in the record to support the finding that a parole violation had occurred.

■ Craig asserts that to meet the preponderance of the evidence threshold under I.C. § 20–229B the record needs to contain more evidence than it does. We disagree. There is substantial evidence in the record to support the Commission's finding that Craig used cannabinoids in violation of his parole agreement. Craig took two drug tests, over six months apart, and failed both. He was warned by his parole officer, after the first failure, that a second positive test would result in a report of viola-

tion. There was testimony which indicated the threshold level set on the test was designed to eliminate the possibility that passive inhalation would register. Craig failed to present evidence, other than his own statements, based on hearsay, that passive inhalation would register at the level indicated on his tests. The Commission's finding, that Craig violated his parole by using a controlled substance, is supported by substantial evidence, albeit conflicting. This Court will not disturb the finding.

 Craig fails to attack the discretionary second prong in his argument to this Court. But, after a review of the record, we note Craig urged in his petition for habeas relief that the Commission failed to provide written reasons for its revocation decision. The failure to unambiguously articulate the reasons might have been an issue if the first findings by the Commission were before this Court; however, the findings we now review are those which were properly amended by the Commission after the magistrate remanded the matter to the Commission for clarification of its findings. These final findings state:

> This [use of marijuana] is a very serious violation of Mr. Craig's parole agreement because of his previous crime, the September 7, 1989 incident and the April 9, 1990 incident, as both resulted in a positive UA test for cannabinoids. The subject was denied parole [sic]. . . .

Although this statement is not as extensive as it could be, it is clear that the Commission did take into consideration Craig's second degree murder conviction and the second violation of his parole agreement. The Commission's articulation of the basis for its choice to revoke parole is not unreasonable or arbitrary. We hold that the Commission did not abuse its discretion.

Craig argues that the magistrate should not have remanded the case to the Commission to clarify its revocation decision without allowing him to be present, to cross-examine witnesses or to challenge the competency of the evidence. The only case Craig cites to support this assertion, *Snajder v. State*, 74 Wis.2d 303, 246 N.W.2d 665 (1976), clearly stands for the proposition that, if a court remands to a commission to take additional evidence or supplement the record, then due process requirements must be met. There is nothing in the case indicating that a court cannot remand to clarify findings, so long as the commission does not take additional evidence to supplement the record without providing a parolee due process. Here the record before us does not show that the Commission supplemented the record in any way. Accordingly, we sustain the magistrate's decision to remand the case without specifically delineating due process protections.

We acknowledge that we have not addressed all of the arguments raised by Craig in this appeal. However, we have considered those arguments, including one that the state should be sanctioned for misstating the law to the courts below, and we are not persuaded that those arguments have merit.

The magistrate's order denying Craig's petition for writ of habeas corpus is affirmed.

WALTERS, C.J., and WESTON, J. Pro Tem., concur.