922 P.2d 401

**Petro G. ELIOPULOS and Janet A. Eliopulos, husband and wife, Plaintiffs–Appellants,**

**v.**

**IDAHO STATE BANK, a state banking institution, Win Lauder, individually, Allied Mutual Insurance Co., Mutual of Enumclaw Insurance Co., Does One Through Fifty, inclusive, and Roe Companies One Through Ten, inclusive, Defendants–Respondents.**

**Petro G. ELIOPULOS, individually, Plaintiff–Appellant,**

**and**

**Janet A. Eliopulos, individually, Plaintiff,**

**v.**

**IDAHO STATE BANK, Does 1 Through Fifty, inclusive, and Roe Companies 1 Through 10, inclusive, Defendants–Respondents.**

Nos. 21300, 21402.

Court of Appeals of Idaho.

May 31, 1996.

Rehearing Denied June 19, 1996.

Petition for Review Denied Aug. 28, 1996.

Petro G. and Janet A. Eliopulos, Boise, pro se appellants. Petro G. Eliopulos argued.

Nyman & Thomas, Boise, for respondent Win Lauder. Kenneth D. Nyman argued.

Cantrill, Skinner, Sullivan & King, Boise, for respondent Mutual of Enumclaw Insurance Co. Robert D. Lewis argued.

Tolman Law Office, Twin Falls, for respondent Allied Mutual Insurance Co. Steven K. Tolman argued.

Holland & Hart, Boise, for respondent Idaho State Bank. Steven B. Andersen argued.

WALTERS, Chief Judge.

This is a consolidation of two appeals. In case no. 21300, Petro and Janet Eliopulos appeal from the district court's order denying their motion for reconsideration of a decision granting the respondents' motion to dismiss the Eliopuloses' amended complaint. The amended complaint alleged fraud, constructive fraud, negligent misrepresentation and intentional misrepresentation with respect to a settlement agreement. In case no. 21402, the Eliopuloses appeal from a final judgment and order dismissing their claims in a related action. The final judgment and order in that case reaffirmed a prior decision denying the Eliopuloses' motion to set aside a judgment for fraud and fraud upon the court under I.R.C.P. 60(b). We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

These cases arise from litigation between Idaho State Bank (ISB) and the Eliopuloses dating back to 1987. *See Eliopulos v. Knox,* 123 Idaho 400, 848 P.2d 984 (Ct.App.1992). The Honorable Deborah Bail, district judge, presided in that action. According to the Eliopuloses' amended complaint in case no. 21300, the Eliopuloses requested copies of all relevant insurance policies relating to the case in Judge Bail's court and, after ISB objected, Judge Bail ordered production of the policies. ISB then produced what it

represented to be all relevant insurance policies.

On April 20, 1990, the Eliopuloses and ISB entered into an agreement to settle the litigation pending before Judge Bail. Mutual releases were signed and acknowledged by both parties. As part of the settlement agreement, certain wine inventory owned by ISB was to be transferred to the Eliopuloses. However, when Petro Eliopulos went to retrieve the wine in June of 1990, he discovered that storage fees and wine taxes due had not been paid. Accordingly, the Eliopuloses claim that they were forced to pay unexpected costs to gain possession of the wine.

On September 11, 1990, the Eliopuloses filed suit against ISB (case no. 21402) to enforce the settlement agreement. The action was assigned to district judge Robert Newhouse. In that action, the Eliopuloses alleged breach of contract, breach of the covenant of good faith and the tort of bad faith as it related to the wine inventory. The Eliopuloses contended that they served a discovery request on ISB, seeking all correspondence between ISB and the Bureau of Alcohol Tobacco and Firearms (BATF). They allegedly sought the correspondence to determine who was responsible for the storage fees and taxes on the wine. Pursuant to Judge Newhouse's order to compel, ISB then allegedly produced what it represented to be all documents related to the wine inventory and the transfer of the wine to the Eliopuloses.

On April 11, 1991, Judge Newhouse granted summary judgment to ISB finding that there were no material issues of fact in dispute. Shortly thereafter, the Eliopuloses and ISB entered into a release and reaffirmation agreement wherein the parties reaffirmed that all claims had been settled and released. Judge Newhouse subsequently entered a stipulated dismissal with prejudice on June 28, 1991.

In June of 1992, ISB waived the attorney-client privilege relating to the litigation between the Eliopuloses and ISB. Accordingly, the Eliopuloses viewed documents at the offices of ISB and ISB's former attorneys. As a result of that investigation, the Eliopuloses contend they discovered a Mutual of Enumclaw insurance policy relevant and applicable to their claims against ISB. They assert that had they known of the policy, their settlement with ISB in 1990 in Judge Bail's court would have been materially different.

The Eliopuloses further state that they discovered a letter from the BATF, dated after the 1990 settlement agreement but before they sued to enforce the settlement agreement, which required ISB to pay the taxes, the labeling costs and storage fees with respect to the wine transferred. They assert that had ISB produced the correspondence as requested by discovery, Judge Newhouse would not have granted summary judgment in ISB's favor.

On April 15, 1993, the Eliopuloses filed an amended complaint (case no. 21300) asserting claims against additional defendants: Win Lauder, in his individual capacity as president of ISB; Allied Mutual Insurance Company (Allied Mutual)[1] and Mutual of Enumclaw Insurance Company (Mutual of Enumclaw) (respondents, collectively). The amended complaint alleged four causes of action against the respondents: fraud, constructive fraud, negligent misrepresentation, and intentional misrepresentation. These claims were based primarily on the Eliopuloses' allegations that the respondents withheld requested discovery, namely, the letter from the BATF and the Mutual of Enumclaw policy, which assertedly affected their settlement agreement with ISB. The amended complaint also alleged other claims of fraud and misrepresentation, which are not material to this appeal. ISB filed a motion to dismiss the amended complaint. Lauder, Allied Mutual and Mutual of Enumclaw joined in the motion.

On July 21, 1993, district judge Robert Rowett granted ISB's motion to dismiss. He held that the failure to produce the BATF letter and the Mutual of Enumclaw insurance policy would be discovery violations, which, if

---

**1.** The allegations against Allied Mutual are that it aided ISB in concealing contributions it made to ISB in the settlement agreement and that it also advised ISB not to produce the Mutual of Enumclaw policy.

proven, would have constituted fraud upon the court. However, Judge Rowett further concluded that he lacked jurisdiction to entertain the Eliopuloses' fraud claims because such claims had to be brought before the individual courts upon whom the fraud allegedly was practiced, namely, in the proceedings determined by Judge Bail and Judge Newhouse respectively. Judge Rowett dismissed the remaining claims of fraud and misrepresentation on the ground of res judicata.

On August 2, 1993, the Eliopuloses filed a "Motion for Reconsideration and Motion for Clarification of [Judge Rowett's] Decision and Order Dated July 21, 1993." The motion requested Judge Rowett to reconsider his dismissal of the claim for "fraud in the inducement," and that he clarify the decision regarding fraud upon the court.[2] The Eliopuloses further asserted that the district court made factual misstatements.

On November 8, 1993, the Eliopuloses also filed a motion to set aside the order granting summary judgment and the order of dismissal in Judge Newhouse's court based on "fraud and fraud on the [c]ourt" under I.R.C.P. 60(b), alleging that ISB failed to produce the letter from the BATF.[3] On January 10, 1994, Judge Newhouse denied this motion on two separate grounds. First, Judge Newhouse held that the Eliopuloses' claims based on discovery violations were not timely. Second, he found no evidence to support overturning his prior order granting summary judgment. The Eliopuloses filed a motion to modify Judge Newhouse's January 10, 1994, decision. Judge Newhouse issued an oral ruling denying the motion to modify on February 15, 1994.

On March 29, 1994, Judge Rowett denied the Eliopuloses' motion for reconsideration of the July 21, 1993, decision dismissing their amended complaint. In his memorandum opinion, Judge Rowett reiterated the reasoning set forth in his July 21, 1993, decision dismissing the Eliopuloses' amended complaint and concluded that the Eliopuloses had failed to meet their burden of notifying the court of the specific errors they alleged occurred. In case no. 21300, the Eliopuloses appeal from Judge Rowett's decision denying their motion to reconsider and the July 21, 1993, decision granting ISB's motion to dismiss. They argue that Judge Rowett improperly declined to exercise jurisdiction over the claims regarding ISB's failure to produce the requested insurance policy and the BATF letter.

On May 9, 1994, Judge Newhouse issued a Final Judgment and Order of Dismissal of the Eliopuloses' claims against the respondents in case no. 21402. The Eliopuloses appeal from this judgment and order. The Eliopuloses argue that ISB practiced fraud on the court, based on the same alleged discovery violation at issue in case no. 21300, *i.e.*, failure to produce the BATF letter. The Eliopuloses do not include in this appeal any of the actions taken by Judge Bail discussed above.

## ANALYSIS

**A. Case No. 21300: Judge Rowett's Decision.**

 In this case, the Eliopuloses challenge Judge Rowett's decisions denying their motion for reconsideration and granting ISB's motion to dismiss the Eliopuloses' amended complaint. In reviewing a trial court's order granting a motion to dismiss, our standard of review is the same as our summary judgment standard. *Rim View Trout Co. v. Dept. of Water Res.*, 119 Idaho

---

2. The Eliopuloses' motion for reconsideration did not recite the basis for the motion. It simply stated that the motion was based on "the argument as will be fully set forth" in a supporting memorandum which would be filed within fourteen days. No such memorandum appears in the record. However, in Judge Rowett's decision denying the motion for reconsideration, issued March 29, 1994, he describes the basis for Eliopuloses' motion as set forth above.

3. ISB asserts that the Eliopuloses' claim regarding failure to disclose the insurance policy was brought before Judge Bail's court through a motion by the Eliopuloses to set aside judgment. The record does not contain such a motion. However, it does contain a chart from Judge Bail's court entitled, "Papers Filed, Issued or Lodged," which indicates that on October 10, 1993, Judge Bail issued an order denying the Eliopuloses' "Motion to Set Aside Judgment and Dismissal."

676, 677, 809 P.2d 1155, 1156 (1991). Summary judgment is appropriate only when genuine issues of material fact are absent and the case can be decided as a matter of law. I.R.C.P. 56(c); *Moss v. Mid–American Fire and Marine Ins. Co.,* 103 Idaho 298, 647 P.2d 754 (1982). All facts and inferences from the record will be viewed in favor of the nonmoving party to determine whether the motion should be granted. *Rim View Trout, supra.* A motion for relief under Rule 60(b) is committed to the discretion of the trial court and will not be disturbed unless there is an abuse of that discretion. *Artiach Trucking, Inc. v. Wolters,* 118 Idaho 656, 658, 798 P.2d 938, 940 (Ct.App.1990).

In granting ISB's motion for dismissal of the Eliopuloses' amended complaint, Judge Rowett held that the allegations regarding failure to produce the insurance policy and the BATF letter, if true, would have constituted fraud upon the court, I.R.C.P. 60(b), and that he lacked jurisdiction over these claims because they should be brought before the courts upon whom the fraud was perpetrated—*i.e.,* the proceedings before Judges Bail and Newhouse. Judge Rowett dismissed the remaining claims of fraud and misrepresentation in the Eliopuloses' amended complaint on the basis that they were barred under the doctrine of res judicata. The Eliopuloses do not challenge Judge Rowett's decision regarding res judicata. Therefore, the only question on appeal is whether Judge Rowett erred in declining to exercise jurisdiction over the claims alleging fraud upon the court.

Judge Rowett's determination that he would not exercise jurisdiction over the Eliopuloses' claims rested on two premises. First, he concluded that allegations of withholding discovery under a discovery order, if proven, would constitute fraud upon the court. Second, he held that claims of fraud upon the court should be brought before the courts upon whom the fraud was perpetrated. As explained below, we conclude that the district court erred in analyzing the Eliopuloses' claims as assertions of fraud upon the court, and that such claims should have been reviewed under the standards applicable to equitable independent actions to relieve a party from judgment. However, we further conclude that the district court properly refrained from exercising jurisdiction over the Eliopuloses' action.

In support of its ruling that discovery violations constitute fraud upon the court, the district court cited *McDonald v. Barlow,* 109 Idaho 101, 705 P.2d 1056 (Ct.App.1985). However, *McDonald* does not support the concept that withholding discovery constitutes fraud on the court. *McDonald* relied on *Compton v. Compton,* 101 Idaho 328, 612 P.2d 1175 (1980), this State's seminal case on I.R.C.P. 60(b). In *Compton,* our Supreme Court explained that Rule 60(b) provides for two means of attacking or challenging a final judgment or decree. One is by motion, "for the reasons set out in 60(b)(1) through (6)." 101 Idaho at 333, 612 P.2d at 1180. The Court noted that Rule 60(b)(3) provides for modification where "the judgment is obtained by 'fraud (whether heretofore denominated extrinsic or intrinsic), misrepresentation, or other misconduct of an adverse party....'" *Id.*

The other method of challenge lies in the provision of Rule 60(b) which "specifically preserves three preexisting means of attacking a final judgment." *Id.* These three preexisting means are set forth in Rule 60(b) as follows:

This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside, as provided by law, within one (1) year after judgment was entered, a judgment obtained against a party who was not personally served with summons and complaint either in the state of Idaho or in any other jurisdiction, and who has failed to appear in said action, or to set aside a judgment for fraud upon the court.

The Court summarized the three preexisting powers of the district court under this section of Rule 60(b) as the court's authority: (1) to entertain an equitable independent action to relieve a party from judgment; (2) to challenge, within one year, a judgment entered against a party not served; and (3) to set aside a judgment for fraud upon the court. *Id.* at 333–34, 612 P.2d 1175, 612 P.2d at 1280–81.

*Compton* illustrates the type of action contemplated by the first of these three powers, *i.e.,* the court's authority to entertain an independent action in equity. *Compton* involved a claim made by Lilian Compton (wife) against J. Roger Compton (husband) to set aside a property settlement agreement on the ground that it had been procured by misrepresentation and fraud. *Id.* at 331, 612 P.2d at 1178. The Court analyzed the wife's claim under the district court's power to "entertain an equitable independent action to relieve a party from judgment." *Id.* at 333–35, 612 P.2d at 1180–82. In examining the exercise of this power, the Court stated:

> Among the non-conclusory points we *can* make are that the independent action in equity is a most unusual remedy, available only rarely and under the most exceptional circumstances. It is most certainly not its function *to relitigate issues determined in another action between the same parties,* or to remedy the inadvertence or oversight of one of the parties to the original action. It will lie only in the presence of an extreme degree of fraud. (Emphasis original.)

*Id.* at 335, 612 P.2d at 1182. *Compton* clarifies that a party may attack a fraudulent judgment in three separate ways under Rule 60(b): first, under Rule 60(b)(3); second, by "an equitable independent action to relieve a party from judgment;" or third, by bringing a claim for "fraud upon the court." 101 Idaho at 333–34, 612 P.2d at 1180–81. *See also* 7 Moore, Federal Practice 60.33 at 350–51 (2nd ed. 1995).

 The language in the Eliopuloses' amended complaint does not allege fraud upon the court. It is clear from the amended complaint that the Eliopuloses' contention is that they, and not the court, were the subject of fraud and misrepresentation. Therefore, their claims should have been analyzed under the standards applicable to an independent equitable action for relief from a fraudulent judgment, not under the standards pertaining to fraud upon the court.[4]

 Analyzing the Eliopuloses' amended complaint as an independent equitable action for relief from a fraudulent judgment, however, we nonetheless conclude that the district court acted within its discretion in declining to exercise jurisdiction over such an action. Although an independent action for equitable relief from a fraudulent judgment may, "in theory," be brought in any court of competent jurisdiction, "[t]he normal procedure to attack a judgment should be by motion in the court that rendered the judgment." 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE, § 2868 (1995). As stated in *Lapin v. Shulton, Inc.,* 333 F.2d 169, 172 (9th Cir. 1964), *cert. denied,* 379 U.S. 904, 85 S.Ct. 193, 13 L.Ed.2d 177 (1964):

> [C]onsiderations of comity and orderly administration of justice demand that the nonrendering court should decline jurisdiction of [independent actions under Rule 60(b) ] and remand the parties for their relief to the rendering court, so long as it is apparent that a remedy is available there.

*See also Treadaway v. Academy of Motion Picture Arts,* 783 F.2d 1418 (9th Cir.1986); *Gregory–Portland Ind. Sch. Dist. v. Tex. Ed. Agency,* 576 F.2d 81 (5th Cir.1978), *cert. denied,* 440 U.S. 946, 99 S.Ct. 1423, 59 L.Ed.2d 634 (1979). We hold that, at the time of Judge Rowett's order granting the respondents' motion to dismiss the Eliopuloses' amended complaint, it was apparent that a remedy was available in the courts of Judge Newhouse and Judge Bail. Therefore, Judge Rowett did not abuse his discretion in declining to exercise jurisdiction over the Eliopuloses' equitable independent action under Rule 60(b).

In so holding, we note that we do not read the language of *Lapin* which requires that a remedy be available in the rendering court to mean that the party directed to bring the action in the rendering court must be assured of a victory in that court. Rather, we read this language to mean that a court

---

**4.** The Eliopuloses' action could not be considered under Rule 60(b)(3), as it was outside the requisite six-month time limitation.

should not decline to exercise its jurisdiction where a party is in some way barred from bringing the action in the rendering court. In the instant case, there was no such bar to bringing an equitable independent action for fraud in Judge Bail's and Judge Newhouse's courts,[5] and we therefore hold that Judge Rowett properly declined to exercise jurisdiction over the Eliopuloses' action.[6]

Respondents Win Lauder, Allied Mutual and Mutual of Enumclaw argue that because ISB was the only respondent addressed in the Eliopuloses' appellate brief and the only respondent whose counsel was served with a copy of the Eliopuloses' brief, the appeals with respect to these respondents should be dismissed. We agree.

Moreover, the Eliopuloses have not raised any claims against Lauder, Allied Mutual or Mutual of Enumclaw independent of the claim against ISB. Because we have determined that the district court properly dismissed the Eliopuloses' claims against ISB, the claims against the other respondents were appropriately dismissed as well. Based on the foregoing, we hold that Judge Rowett properly dismissed the Eliopuloses' amended complaint against the respondents and correctly denied the Eliopuloses' motion for reconsideration.

### B. Case No. 21402: Judge Newhouse's Decision.

This case arises from the Eliopuloses' allegation that the respondents failed to produce the BATF letter, in violation of Judge Newhouse's order to compel. On appeal from the May 9, 1994, final judgment entered by Judge Newhouse, the Eliopuloses challenge

Judge Newhouse's memorandum decision of January 10, 1994, denying the Eliopuloses' motion to set aside the April 11, 1991, memorandum decision granting summary judgment in favor of ISB in the Eliopuloses' action to enforce the settlement agreement.

The Eliopuloses' motion of November 8, 1993, to set aside judgment was made pursuant to I.R.C.P. 60(b), and alleged "fraud and fraud on the Court as set forth in the memorandum decision and order of the Honorable Robert M. Rowett dated July 21, 1993." However, in their appellate brief, the Eliopuloses discuss only the claim of fraud upon the court, and not any other basis for fraud. We therefore only review whether Judge Newhouse erred in denying the Eliopuloses' motion to set aside the judgment based on fraud upon the court.

Judge Newhouse based his January 10, 1994, decision on three grounds. First, Judge Newhouse viewed the Eliopuloses' motion as an untimely request for discovery sanctions under I.R.C.P 37(b)(2). Under that provision, the action in which the discovery violations allegedly occurred must be "pending." Judge Newhouse ruled that this case was closed after the issuance of the Judgment on May 8, 1991, and that no motion for reconsideration was filed. Therefore, he concluded, the Eliopuloses could not argue for discovery sanctions under Rule 37(b)(2).

Second, Judge Newhouse concluded that the Eliopuloses' motion was untimely under Rule 60(b). Analyzing the Eliopuloses' motion as a fraud claim under Rule 60(b)(3), Judge Newhouse held that such a claim was

---

5. We acknowledge that in case no. 21402, Judge Newhouse, in denying the Eliopuloses' motion to set aside the judgment, held that the Eliopuloses' claims for fraud and fraud upon the court under Rule 60(b) were time-barred pursuant to I.R.C.P. 37(b) and to I.R.C.P. 60(b)(3). Clearly, Judge Newhouse's ruling regarding Rule 60(b)(3) did not contemplate an equitable independent action for fraud under Rule 60(b). Moreover, to the extent that this portion of Judge Newhouse's ruling may be interpreted to preclude an independent action for fraud under Rule 60(b) based on Rule 37(b), Judge Newhouse's ruling was error, as the Eliopuloses' motion was brought pursuant to Rule 60(b), not for relief as a sanction under Rule 37(b).

6. The Eliopuloses also raise the following issue: "Were the plaintiffs time barred pursuant to Rule 60(b) from moving to set aside the previous judgments in the courts of Judge Newhouse and Bail for fraud on the courts?" This issue need not be considered as Judge Rowett did not make any findings regarding whether the Eliopuloses' claims were time-barred. The Eliopuloses confuse Judge Rowett's decision with Judge Newhouse's decision, the latter of which held that the Eliopuloses' claims were time-barred. *See* footnote 5.

barred because the motion had to be brought "not more than six (6) months after the judgment, order, or proceeding was entered or taken," I.R.C.P. 60(b), which the Eliopuloses failed to do. The third basis for Judge Newhouse's decision was that the Eliopuloses should have raised the issue during their suit to enforce the settlement agreement in 1990 and were therefore barred from raising the issue in a new proceeding.

The parties advance various theories as to why Judge Newhouse's reasons for his decision were or were not correct. However, because we find an alternative basis to uphold Judge Newhouse's decision, we need not address the rationale set forth by Judge Newhouse in support of his decision. *See Hanf v. Syringa Realty, Inc.*, 120 Idaho 364, 370, 816 P.2d 320, 326 (1991); *In re Bagley*, 117 Idaho 1091, 1093, 793 P.2d 1263, 1265 (Ct.App.1990).

■ "The term 'fraud upon the court' contemplates more than interparty misconduct, and, in Idaho has been held to require more than perjury or misrepresentation by a party or witness...." *Compton*, 101 Idaho at 334, 612 P.2d at 1181. This type of fraud "will be found only in the presence of such 'tampering with the administration of justice' as to suggest 'a wrong against the institutions set up to protect and safeguard the public.'" *Id.* (citations omitted). It has been held that allegations of nondisclosure in pretrial discovery will not support an action for fraud on the court. *Gleason v. Jandrucko*, 860 F.2d 556, 559–60 (2nd Cir.1988); *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir.1985), *cert. denied*, 474 U.S. 1086, 106 S.Ct. 862, 88 L.Ed.2d 900 (1986); *H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1118 (6th Cir.1976). Thus, even if it were true that ISB improperly withheld the BATF letter (an allegation about which we offer no opinion), such misconduct would not rise to the level of fraud upon the court.

The Eliopuloses also assert that Judge Newhouse erred "in denying the Eliopuloses' motion to set aside judgment pursuant to the order of Judge Rowett[.]" The Eliopuloses' argument is predicated upon Judge Rowett's memorandum decision dismissing their amended complaint, in which he stated that the Eliopuloses' allegations regarding discovery violations, "if proven, would constitute a fraud upon the court." Judge Rowett then stated that the fraud claims should be brought before the courts upon whom the fraud was practiced, *i.e.*, before Judges Bail and Newhouse, and that his court therefore lacked jurisdiction to consider the fraud claims. The Eliopuloses apparently believe that Judge Rowett's statement regarding the possibility of fraud upon the court is a finding that such fraud indeed occurred and that Judge Newhouse was required to follow Judge Rowett's "finding" in his January 10, 1994, memorandum decision and order denying the Eliopuloses' motion to set aside judgment. The Eliopuloses are incorrect.

■ First, Judge Rowett did not find that there was fraud upon the court. Rather, he merely concluded that the Eliopuloses' allegations, *if proven*, would constitute fraud upon the court. Moreover, as explained above, this conclusion was an incorrect statement of the law: discovery violations do not constitute fraud upon the court. Therefore, Judge Newhouse was not obligated to find that ISB perpetrated fraud upon the court.

We hold that the district court did not err in dismissing the Eliopuloses' claims or in denying the Eliopuloses' motion to set aside judgment based on fraud upon the court.

**CONCLUSION**

In case no. 21300, we conclude that the district court improperly analyzed the Eliopuloses' action as one predicated upon fraud upon the court rather than as an independent action in equity for relief from a fraudulent judgment. Nonetheless, we hold that the district court did not abuse its discretion in declining to exercise jurisdiction over this action. We therefore affirm the district court's order denying the Eliopuloses' motion for reconsideration of the order granting the respondents' motion to dismiss the Eliopuloses' amended complaint.

In case no. 21402, we hold that the district court properly dismissed Eliopuloses' claims for fraud upon the court. Costs, but not

attorney fees are awarded to the respondents. *See* I.A.R. 40.

PERRY, J., and SWANSTROM, J. Pro Tem, concur.