**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 36848**

| | | |
|---|---|---|
| MICHAEL C. McCOY, | ) | 2010 Unpublished Opinion No. 479 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: May 25, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| OLIVIA CRAVEN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Orders dismissing petition for writ of habeas corpus and denying motion for reconsideration, underlined.

Michael C. McCoy, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark A. Kubinski, Deputy Attorney General, Boise, for respondent.

---

LANSING, Chief Judge

Michael C. McCoy appeals the district court's dismissal of his petition for writ of habeas corpus, his amended habeas corpus petition, and his motion for reconsideration. We affirm.

## I.

## BACKGROUND

In February 2008, McCoy was arrested for violating his parole by testing positive for alcohol, methamphetamine, and cocaine. A parole violation hearing was held at which McCoy admitted to the parole violations. The hearing officer found McCoy guilty of violating his parole, recommended that McCoy's parole be revoked, and further recommended that McCoy be granted an open tentative parole date to a clean and sober living house. Thereafter, the Parole Commission held a hearing at which it revoked McCoy's parole and recommended that he complete additional programming in prison.

1

McCoy subsequently filed a petition for a writ of habeas corpus challenging the revocation of his parole. In response, Olivia Craven, et al. (Respondents) filed a motion for summary judgment. McCoy then filed a discovery request and an amended petition. Respondents filed a motion to dismiss the amended petition pursuant to Idaho Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. The district court denied McCoy's request for discovery, granted the motion for summary judgment on McCoy's initial petition, and dismissed McCoy's amended petition. McCoy filed a motion to reconsider the summary judgment, which was also denied.

McCoy timely appeals and argues that the revocation of his parole violates Idaho Code § 20-229B and his constitutional rights, that the district court erred in dismissing his amended petition for failure to state a claim, that the district court abused its discretion in denying his request for discovery, and that he has a disability that gives him a due process liberty interest in medical rehabilitation which he is being denied and also entitles him to other special accommodations which were denied to him during the parole revocation proceedings and district court proceedings.

## II.

## ANALYSIS

### A. Did the District Court Err in Finding that the Revocation of McCoy's Parole Did Not Violate Idaho Code § 20-229B or Any of McCoy's Constitutional Rights

McCoy argues that the parole revocation hearing officer determined that his parole violations were not sufficient cause for the revocation of parole and, therefore, the subsequent revocation of his parole by the Idaho Commission of Pardons and Parole (the Commission) violated I.C. § 20-229B. McCoy also argues that by adopting the hearing officer's findings, the Commission adopted the hearing officer's recommendation for an open tentative parole date to a clean and sober living house. McCoy asserts that the hearing officer's alleged determination that McCoy's parole violations did not warrant parole revocation, the Commission's statements that it would adopt the hearing officer's "findings," and the alleged representations made to McCoy by his parole officer that his parole would be reinstated, all created a liberty interest in McCoy's parole such that its revocation was a violation of his due process rights. According to McCoy's rationale, the Commission's alleged change of position in declining to follow one of the hearing officer's recommendations, after stating it adopted the hearing officer's findings, was cruel and unusual punishment that violated the Eighth Amendment. Finally, McCoy asserts that under I.C.

2

§ 20-229B, he is entitled to know the exact length of time he will be incarcerated and the Commission's failure to specify such a time period constitutes cruel and unusual punishment.

As habeas corpus proceedings are civil in nature, the Idaho Rules of Civil Procedure generally apply. *Quinlan v. Idaho Comm'n for Pardons & Parole*, 138 Idaho 726, 729, 69 P.3d 146, 149 (2003); *Hoots v. Craven*, 146 Idaho 271, 275, 192 P.3d 1095, 1099 (Ct. App. 2008); *Lopez v. State*, 128 Idaho 826, 827, 919 P.2d 355, 356 (Ct. App. 1996). On appeal from a summary judgment in a habeas corpus proceeding, we apply the same standard of review utilized by the trial court when ruling on the motion. *Quinlan*, 138 Idaho at 729, 69 P.3d at 149; *Matthews v. Jones*, 147 Idaho 224, 227, 207 P.3d 200, 203 (Ct. App. 2009). Summary judgment is proper only when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c); *Van v. Portneuf Med. Ctr.*, 147 Idaho 552, 556, 212 P.3d 982, 986 (2009); *Matthews*, 147 Idaho at 227, 207 P.3d at 203. This Court will liberally construe the facts in favor of the nonmoving party, drawing all reasonable inferences in that party's favor. *Van*, 147 Idaho at 556, 212 P.3d at 986; *Quinlan*, 138 Idaho at 729, 69 P.3d at 149. If a court finds that reasonable minds could differ on conclusions drawn from the evidence presented, the motion must be denied. *Van*, 147 Idaho at 556, 212 P.3d at 986.

A parolee has a limited liberty interest in continuing parole, and is therefore entitled to due process before parole may be revoked. *Morrissey v. Brewer*, 408 U.S. 471, 494-95 (1972); *State v. Rose*, 144 Idaho 762, 766, 171 P.3d 253, 257 (2007); *Craig v. State*, 123 Idaho 121, 124, 844 P.2d 1371, 1374 (Ct. App. 1992). Idaho Code § 20-229B sets out procedures for revocation of parole that satisfy the due process requirements set out in *Morrissey*. *Mattoon v. Blades*, 145 Idaho 634, 637, 181 P.3d 1242, 1245 (2008); *Craig*, l123 Idaho at 124-25, 844 P.2d at 1374-75. Idaho Code § 20-229B states in pertinent part:

> If the member or members [of the commission for pardons and parole] or hearing officer, having heard the matter, should conclude that the allegations of violation of the conditions of parole have not been proven by a preponderance of the evidence, or those which have been proven by a preponderance of the evidence are not sufficient cause for the revocation of parole, then the parolee shall be reinstated on parole on the same or modified conditions of parole. If the member or members or hearing officer, having heard the matter, should conclude that the allegations of violation of the conditions of parole have been proven by a preponderance of the evidence and constitute sufficient cause for the revocation

of parole, then a dispositional hearing shall be convened during a regular session of the commission to execute an order of parole revocation and determine the period of time the parole violator shall be returned to state custody.

There are two determinations in this statute, one factual and one discretionary. *Craig*, 123 Idaho at 124-25, 844 P.2d at 1374-75. For the factual determination, the Commission or hearing officer must determine whether the alleged violation of the conditions of parole has been proven by a preponderance of the evidence. The discretionary determination is whether the violation constitutes sufficient cause for the revocation of parole. *Id.*

The Idaho Supreme Court has rejected the argument that I.C. § 20-229B requires the Commission to adopt the recommendations of a hearing officer concerning the revocation of parole. *Mattoon*, 145 Idaho at 637-38, 181 P.3d at 1245-46. In *Mattoon*, the Supreme Court held that the Commission is never bound to follow the recommendations of a hearing officer that probation be reinstated because, even though the language of I.C. § 20-229B seems to suggest it, the hearing officer is not granted authority to make the final decision on revocation; "the Commission had the sole authority to revoke . . . parole." *Id.* at 638, 181 P.3d at 1246; *accord Matthews*, 147 Idaho at 229 n.2, 207 P.3d at 205 n.2 ("Section 20-229B and other parole revocation statutes could be read to vest final decision-making authority concerning revocation of parole in a single member of the Commission or in a hearing officer. However, our Supreme Court has recently held that the parole revocation statutes, read *in pari materia*, vest authority to decide whether to revoke or continue parole solely in the full Commission.").

In this case, the district court did not err in determining there was no disputed issue of material fact. The allegedly disputed fact is whether the hearing officer found the violation was sufficient to revoke parole. However, the hearing officer's written report specifically stated, "it is my recommendation that the subject's parole be revoked." Therefore, the hearing officer did find that the violations were sufficient to justify revocation. Thus, simply on a factual basis, McCoy's arguments alleging statutory and constitutional violations that are premised on the hearing officer finding that McCoy's parole violation was insufficient to revoke parole are without merit.

In any event, as explained in *Mattoon*, even if the hearing officer had recommended against revoking parole, no violation of I.C. § 20-229B would have been occasioned by the Commission's refusal to follow the recommendation. Because the Commission is the only entity

4

with authority to make the decision whether to revoke parole, it is not possible for another person to create a liberty interest in continued parole. Thus, McCoy's arguments that statements made by the hearing officer and parole officer created a liberty interest in continued parole fail.

McCoy similarly misinterpreted the Commission's reference to adopting the hearing officer's findings. As the district court stated, "by adopting the hearing officer's factual 'findings,' the Commission did not commit to adopt each and every 'recommendation' of the hearing officer as well. The Commission was free to thereafter consider whether to revoke parole." We agree with the district court that McCoy's argument in this regard is no more than misinterpretation of the Commission's statement; the hearing officer's recommendations are not the same as the hearing officer's factual findings. Therefore, the Commission did not adopt the hearing officer's recommendations and thereby in some way grant McCoy reinstatement of parole. Consequently, McCoy's argument that a final determination of parole revocation after an initial promise of reinstatement constitutes cruel and unusual punishment fails for lack of factual basis.

Finally, the Commission's notification to McCoy that another parole hearing was scheduled in July 2010 was sufficient to meet I.C. § 20-229B's requirement to "determine the period of time the parole violator shall be returned to state custody." We agree with the district court that any reasonable interpretation of this language leads to a conclusion that:

> the Commission complied with [I.C. § 20-229B] when it told Mr. McCoy that another parole hearing would be held in 2010, two years from the date of the original parole revocation hearing. The most reasonable and obvious interpretation of this determination is that Mr. McCoy would be returned to state custody for two years, at which time the Commission would reevaluate his eligibility for parole. This is precisely the type of determination contemplated by section 20-229B. The statute does not require the Commission to determine the amount of time a parole violator will be returned to custody, the expiration of which will give the violator a free pass for release without reevaluation and without regard to behavior or completion of correctional programs. In sum, the Commission in this case did inform Mr. McCoy of the period of time he would be returned to custody as required by section 20-229B.

Therefore, as the Commission's notification satisfied the requirements of I.C. § 20-229B, we reject McCoy's argument that he was subject to cruel and unusual punishment for the lack of determination of the period of time McCoy would be incarcerated.

5

**B.** **Did the District Court Err in Dismissing McCoy's Amended Petition for Failure to State a Claim**

McCoy contends that the district court's dismissal of his amended petition was error because the Commission's "appeals" process concerning revocation of parole denies him a meaningful opportunity to appeal. Specifically, McCoy asserts that an offender appeals a revocation of parole by filing a Self-Initiated Progress Report (SIPR) with the Commission. However, McCoy argues, the SIPR will be denied unless the offender shows that circumstances have changed since the offender's last hearing, which ultimately means the offender must show that he has participated in rehabilitative programs while incarcerated. Because McCoy is being denied entry into these rehabilitative programs until closer to his parole date, McCoy argues he is being denied a meaningful right to appeal, which constitutes cruel and unusual punishment.

On appeal from a dismissal for failure to state a claim pursuant to I.R.C.P. 12(b)(6) in a habeas corpus proceeding, we will affirm the dismissal where the record demonstrates that there are no genuine issues of material fact and the case can be decided as a matter of law. *Gibson v. Bennett*, 141 Idaho 270, 273, 108 P.3d 417, 420 (Ct. App. 2005) (citing *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 398, 987 P.2d 300, 310 (1999); *Eliopulos v. Idaho State Bank*, 129 Idaho 104, 107-09, 922 P.2d 401, 404-05 (Ct. App. 1996)). When reviewing a dismissal pursuant to I.R.C.P. 12(b)(6), the nonmoving party is entitled to have all inferences from the record and pleadings viewed in its favor. *Gibson*, 141 Idaho at 273, 108 P.3d at 420. The issue is not whether the plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims. *Id*. Thus, for present purposes we assume the facts McCoy alleges as true and determine whether those facts establish legal grounds to grant him relief.

Although the Commission's rules allow an offender to file an SIPR once every twelve months (IDAPA 50.01.01.500.01(d)), the rules do not guarantee that the offender will have meritorious grounds for such a request. It is the burden of the offender to show that circumstances have changed since the last hearing. IDAPA 50.01.01.500.01(c). There is no constitutionally protected right to be placed on parole. *Hoots*, 146 Idaho at 276, 192 P.3d at 1100; *Dopp v. Idaho Comm'n of Pardons and Parole*, 139 Idaho 657, 660, 84 P.3d 593, 596 (Ct. App. 2004); *Hays v. Craven*, 131 Idaho 761, 764, 963 P.2d 1198, 1201 (Ct. App. 1998). Idaho statutes do not give rise to a constitutionally protected liberty interest in parole; because Idaho's parole statutes lack mandatory language, they provide only the possibility of parole, not a legitimate expectation. *Banks v. State*, 128 Idaho 886, 889, 920 P.2d 905, 908 (1996); *Hoots*,

146 Idaho at 276, 192 P.3d at 1100; *Dopp*, 139 Idaho at 660-61, 84 P.3d at 596-97; *Hays*, 131 Idaho at 764 n.4, 963 P.2d at 1201 n.4. Therefore, as there is no constitutionally protected liberty interest in receiving parole, there can be no constitutionally protected liberty interest in tools that would make an offender potentially more successful in his endeavor to secure parole. *C.f. Duvalt v. Sonnen*, 137 Idaho 548, 554, 50 P.3d 1043, 1049 (Ct. App. 2002) ("If there is no constitutionally protected liberty interest in receiving parole, it follows that there can be no constitutionally protected liberty interest in having a parole hearing immediately upon becoming parole-eligible."). In addition, there is no constitutional right to rehabilitative treatment during incarceration. *See Marshall v. United States*, 414 U.S. 417, 421-22 (1974) (holding that, in the context of drug addiction, there is no fundamental right to rehabilitation after conviction); *State v. Hadley*, 122 Idaho 728, 731, 838 P.2d 331, 334 (Ct. App. 1992) (holding that although prisoners do have a fundamental constitutional right to adequate medical care, adequate medical care does not encompass rehabilitative treatment). As there is no constitutional right to rehabilitation itself or rehabilitation as a tool to ensure success in obtaining parole, McCoy's argument that his rights have been violated by denying him rehabilitative programming is unavailing.

**C.    Did the District Court Abuse its Discretion by Denying McCoy's Request for Discovery**

McCoy argues that his constitutional right to due process was violated because the district court refused to allow him to conduct discovery. McCoy's request for discovery included requests for the minutes from his parole hearing, the minutes of the parole hearings of two other offenders, and subpoenas for Olivia Craven as the parole board director, Natalie Channing as the "stenographer" of his parole hearing, and Mary Quinan Morris as his parole officer. McCoy argued to the district court below that a transcript of his parole hearing exists but the Commission was refusing to make it available to McCoy. McCoy contends such discovery was required to combat the misleading effect of the official minutes on material facts.

In habeas corpus cases, discovery is not ordinarily permitted and should not be allowed if the issues raised are purely legal. I.C. § 19-4210(1)-(2). As stated above, McCoy's claims for relief are based on misinterpretation of the factual circumstances surrounding his parole revocation and purely legal questions concerning whether statutory requirements had been met given those factual circumstances. Therefore, the district court correctly concluded that no

genuine factual issues were raised and was correct in denying discovery because I.C. § 19-4210 prohibits discovery in habeas corpus cases when the issues involved are purely legal.

**D.      Did McCoy Fail to Preserve for Appeal Issues Relating to his Alleged Disability**

McCoy makes several arguments for the first time on appeal concerning his alleged disability. Generally, issues not raised below will not be considered for the first time on appeal. *Kolar v. Cassia County Idaho*, 142 Idaho 346, 350, 127 P.3d 962, 966 (2005); *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Therefore, as McCoy failed to raise these issues below, they have not been preserved for appeal and we will not address them.

### III.

### CONCLUSION

The district court's orders dismissing McCoy's petitions for writ of habeas corpus, denying his motion for reconsideration, and denying his discovery request are affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**